Vincent A. Lupiano, J.
In 1933, the defendant local, it appears, was in complicity with an association of employers of window cleaners and there occurred acts of violence and unlawful picketing of the premises of customers of the plaintiffs. A consent decree was entered at that time enjoining peaceful picketing.
In 1949, defendant made application for modification of the 1933 decree to relax the injunction and to permit peaceful picketing. At Special Term, there was modification. There was reversal in the Appellate Division (273 App. Div. 662) and affirmance of the order of the Appellate Division in the Court of Appeals (299 N. Y. 286).
Defendant now moves for vacatur of that injunction. It urges that the membership and official family of the union have completely changed, as well as the character of the industry in which since 1949 there were only two city-wide strikes and that conditions of peace have existed substantially fully since 1949.
The Per Curiam opinion in the Court of Appeals indicated that the principles enunciated in the dissenting opinion of Desmond, J., in the opinion of the court had little to do with the question whether there had been an abuse of discretion in the denial of the defendant’s application. Modification, it was asserted, must rest on a clear showing that the evils which justified the prohibition have vanished. It was stated that the defendant did not undertake to prove that the dangers had become attenuated to a shadow (United States v. Swift & Co. 286 U. S. 106, 119).
It was further stated in the Per Curiam opinion that it could not be held that the Appellate Division had abused its discretion or that the rights of the union’s members under the Federal Constitution had been violated. In the absence of those considerations, it was said, the dispute does present a situation *484 in which peaceful picketing of plaintiffs’ customers to exert pressure upon plaintiffs would be permissible under the law of this State (People v. Muller, 286 N. Y. 281). Section 876-a of the Civil Practice Act, with limitation of injunction in labor disputes to a period of six months, it was held, was not applicable since the injunction was entered on consent prior to the effective date of that statute.
In his dissent, Desmond, J., voted to remove the bar against peaceful picketing of the business places of plaintiffs’ customers, and did so in agreement with the dissenting opinion of Shientag, J., in the Appellate Division. Desmond, J., stated (pp. 289-290):
“ The facts then existing presumably justified an injunction, even one so sweeping as to deny defendant’s right of peaceful picketing, since such picketing as there was in 1933, was for an illegal objective. But long years have passed, and now, sixteen years later, the members of defendant union, because of what they or their officers (or their predecessor officers or members) did in 1933, must, says the Appellate Division, still be forbidden their rights as citizens — and presumably their successors will still be under the same ban in the year 1999, or 2049, if the union should last that long — and all because of what happened in 1933. (There is, it should be said, some showing here of illegal activity against plaintiffs by this union as late as 1938, but giving plaintiffs’ affidavits every possible effect, it remains that at least since 1938, there has been no violation of public order or propriety by defendant.) How long must this union stay on probation?
“ That defendant union (as an original proposition aside from the 1933 injunction) had a right to picket plaintiffs’ customers can hardly now be doubted (People v. Muller, 286 N. Y. 281, and cases therein cited; see Schivera v. Long Island Lighting Co., 296 N. Y. 26). The Taft-Hartley Law’s prohibitions (U. S. Code, tit. 29, § 158, subd. [b], par. [4]) obviously have no application here. If we are seeking for statutory guidance, we should find it in our own State law: section 876-a of the Civil Practice Act defines a ‘ labor dispute ’ so as to include the situation now existing in this case, forbids an original injunction on the present facts of this case, and limits any ‘ labor dispute ’ injunction to an effective period of not more than six months.
‘ ‘ In my view, the further continuation of so much of this old injunction as forbids peaceful and lawful picketing, without any showing of any present danger of violence or other wrongs, is such a denial of defendant’s members’ rights as to be beyond the power of any court, and so, necessarily, an abuse of judicial discretion (Matter of Bojinoff v. People, 299 N. Y. 145, 151).”
*485 Thus it is stated in the dissenting opinion that illegal activity had not occurred since 1938 up to the time of application for modification. It appears from this, record that similar finding is in order with respect to the period from 1949. The question actually tendered is whether the plaintiffs should be forever immunised from peaceful and lawful activities of unions, to which employers, generally, in appropriate circumstances may be subjected. And the question should be posed in this light, particularly now, since it appears from the record that additional companies, in which the president of these plaintiffs is a controlling factor, have been found guilty of unfair labor practices.
Before the National Labor Relations Board was the matter of Ashland House and Window Cleaning Co. against the union. In the opinion of the board of June 8,1966, it was ordered:
“ 1. Cease and desist from:
“ (a) Coercively interrogating employees concerning their union activities in behalf of the Charging Union herein, or any other labor organization, in a manner constituting interference, restraint or coercion, in violation of Section 8(a) (1) of the Act.
“ (b) Keeping under surveillance the union activities of its employees.
“ (c) Threatening employees with reprisals because of their union activities or support.
“(d) Promising or granting benefits to employees for the purpose of inducing them to refrain from assisting or supporting the Union or any other labor organization.
“(e) In any like or related manner interfering with, restraining, or coercing its employees in the exercise of rights guaranteed them in Section 7 of the Act, except to the extent that such rights may be affected by a lawful agreement requiring membership in a labor organization as a condition of employment, as authorized by Section 8(a) (3) of the Act, as amended.”
The import of this arises from the undisputed fact that Ashland is a company dominated also by the president of plaintiff corporations to whom, in this case, the union also imputes similar activities.
It is not to be foretold that upon relaxation of the injunction, the activities of the defendant will at all times be peaceful and lawful, but the imbalance created by virtue of the board’s cease and desist order at least should be corrected not only for that reason alone but upon the basis of a finding that peaceful conditions have prevailed and pervading change has occurred. It may also be said that the additional lapse of time from 1949 to the present is an added factor to be considered and all of these *486 factors should be considered now in the light of the dissenting opinion of Desmond, J.
The court reaches the conclusion that peaceful, lawful picketing should no longer be banned, leaving to the determination of appropriate tribunal any question which may arise in the event of occurrence in the future of any picketing.
The motion is granted.