■ In the Matter of ROBERTO GOURNET, Respondent, v. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, et al., Appellants.— Order entered October 8, 1966, granting injunctive relief, unanimously reversed, on the law and facts, without costs or disbursements, and the petition dismissed. The said order purports to incorporate the court's direction at the conclusion of the hearing on the order to show cause herein enjoining inspectors of election from enforcing the ruling of the respondent, Attorney-General of the State of New York, requiring a registrant to fill out and sign in the presence of an inspector of elections the affidavit of literacy provided for in section 168 of the Election Law. The order to show cause was granted under CPLR 6301, 6311–6313, which enable a preliminary injunction in a pending action where the defendant threatens or is about to perform an act in violation of plaintiff's rights in the subject of the action. It appears that the petitioner on October 4, 1966 attempted to register to vote and towards that end presented to an inspector of elections an executed affidavit purporting to comply with section 168 of the Election Law. The tender was allegedly illegally refused on the ground that the affidavit was required to be made and executed before the inspector. The petitioner is without standing to prosecute this proceeding as a class action. The alleged illegal act " would give rise to separate wrongs against the several members of such class; each such person would be free to determine for himself the remedy for redress of his grievance." (*Gaynor* v. *Rockefeller,* 15 N Y 2d 120, 129.) There is no warrant for the proceeding against the Attorney-General and his assistants. The public policy of the courts is not to review the exercise of discretion of public officials absent a clear violation of the Constitution or statutory mandate. (*Gaynor* v. *Rockefeller, supra,* p. 131; *People* v. *Ballard,* 134 N. Y. 269, 293.) The single completed alleged act underlying this proceeding does not afford a basis for an injunction which is designed to preserve the subject of the action against further violation. Moreover, section 331 of the Election Law provides a complete and summary remedy to one whose registration has been unlawfully refused. Injunctive relief may not be had where, as here, an adequate summary statutory proceeding is available. (*Kane* v. *Walsh,* 295 N. Y. 198, 205–206.) Concur— Botein, P. J., Stevens, Capozzoli, Rabin and McNally, JJ.

■ ENTERPRISE WINDOW CLEANING CO. et al., Appellants, v. PETE SLOWUTA, as President of the Window Cleaners Protective Union Local No. 2, Respondent.— Order entered on September 14, 1966 vacating final decree dated April 3, 1933, unanimously reversed, on the law and the facts and in the exercise of discretion, with $30 costs and disbursements to abide the event, and the matter remanded for hearing. Prima facie respondent makes out a persuasive case for the requested vacatur. The papers in opposition, however, contain some conflicting allegations regarding the current situation which in our judgment preclude a determination on affidavits alone. Settle order on notice. Concur — Botein, P. J., Stevens, Capozzoli, Rabin and McNally, JJ. [51 Misc 2d 482.]