■    In the Matter of MARY R. EAGAN et al., Appellants, v JOSEPH J. PREVITE et al., Constituting the Board of Elections of the City of New York, et al., and JAMES J. DELANEY, Respondents.—In a proceeding to invalidate a petition designating respondent James J. Delaney as a candidate in the Republican Party primary election to be held on September 14, 1976 for the public office of Representative to the United States Congress from the 9th Congressional District, the appeal is from a judgment of the Supreme Court, Queens County, entered August 12, 1976, which, *inter alia,* dismissed the proceeding. Judgment affirmed, without costs or disbursements. Appellants contend that the designating petition of the incumbent Congressman in the Republican Party primary is invalid because he is a Democrat and that there was a failure to comply with subdivision 4 of section 137 of the Election Law, which provides that a designation of a person not enrolled in the particular party is to be made "at a meeting of the members of the party committee representing the political subdivision of the office for which a designation * * * is to be made, or of such other committee as the rules of the party may provide". In this case, the rules of the Republican Party in Queens County provide for the creation of an executive committee. An executive committee is a party committee (see Election Law, § 10). In our opinion, there was compliance with subdivision 4 of section 137 of the Election Law when the designation of Delaney as the Republican Party

nominee was approved by the members of the executive committee in the particular Congressional district. Latham, Acting P. J., Cohalan, Margett, Rabin and Shapiro, JJ., concur.