■ In the Matter of Robert De Santis, Respondent, v Angela Pedone et al., Constituting the Board of Elections of Oneida County, Respondents, and Joseph Pasqualetti, Appellants. (Appeal No. 1.)—Order and amended order unanimously affirmed, without costs. Same memorandum as in *Matter of De Santis v Pedone* (61 AD2d 1136). (Appeal from order and amended order of Oneida Supreme Court—recanvass.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.

■ In the Matter of Robert De Santis, Respondent, v Angela Pedone et al., Constituting the Board of Elections of Oneida County, Respondents, and Joseph Pasqualetti, Appellant. (Appeal No. 3.)—Order unanimously modified by declaring Exhibit B to be a valid ballot for appellant Pasqualetti and Exhibits A and C marked for appellant to be invalid, and otherwise order affirmed, without costs. Memorandum: In this proceeding under section 330 of the Election Law petitioner-respondent sought a court-supervised recanvass of all ballots and a review of all records of the Board of Elections in connection with an election held for the position of Alderman in the First Ward in the City of Rome, contested by petitioner and respondent-appellant Pasqualetti. Petitioner challenged the accuracy and correctness of the canvass of votes which purported to show appellant the winner by one vote. Special Term concluded that of the eight disputed paper ballots, designated Exhibits A through H, Exhibit B, cast for appellant, was invalid and the rest were valid. Based on this ruling, Special Term declared the election a tie. Special Term also rejected appellant's jurisdictional claim that he was never properly made a party to the action. Special Term correctly rejected appellant's jurisdictional contentions. Although the order to show cause initiating the proceeding served on appellant was not accompanied by the petition, the order clearly informed appellant that the results of the election were being challenged and gave him notice of the relief that was being requested. Even if the service of the order to show cause on appellant were found to be defective, appellant's appearance and argument before Special Term on the return day of the order constituted waiver of his jurisdictional objections. The active participation by appellant in the proceeding on the merits was reflected in the court's amended order of November 30, 1977 which, relating appearances in the proceeding, states: "Joseph Pasqualetti having appeared by Rocco L. Versace, Esq., his attorney," and "Rocco L. Versace, of counsel for the respondent Joseph Pasqualetti in

opposition thereto." Appellant contends on the merits that Special Term erred in concluding that the ballot designated as Exhibit B was invalid, thereby resulting in a tie vote, with appellant and respondent each receiving the same number of votes. He argues that the intent of the voter was manifested in the markings made on the ballot and, since there was no relevant instructions on the ballot to guide the voter, the markings made were permissible. The ballot in question was a facsimile sample ballot furnished the voter by the election inspectors of the voter's district after the voting machine provided by the Board of Elections broke down. The use of such unofficial ballot was authorized under section 260 of the Election Law. The ballot did not contain blank squares which the voter could fill in to indicate his choice. The instructions on the ballot pertained to voting on the standard voting machine and could not in any way guide the voter in indicating his choices. The voter in this case clearly circled the name of his choice. Appellant's name was circled as the voter's choice for alderman. Given the absence of any instruction to guide the voter and the clear intent of the voter as manifested in his markings, the ballot should be declared valid and should be counted (*Matter of Pauly v Mahoney,* 49 AD2d 1014; *Matter of Callahan v Morrow,* 40 AD2d 619). The guiding principle applicable was set forth in *Matter of Callahan (supra).* "while it is true * * * that the 'Courts do not have the right to interpret the intent and meaning of a voter's mind' (*Matter of Murray v. Westall,* 32 Misc 2d 378, 380), the courts do have * * * the authority to ascertain and effectuate the intent of the voters as respects the identity of the person voted for (*Matter of Hughes v. Harrer,* 4 A D 2d 888)." The proscription in section 212 of the Election Law against irregular markings of ballots, presumably for the purpose of identification, is directed against acts of the voter. Here the absence of voting squares on the unofficial ballot supplied by the election inspectors provided the identifying feature and required a method of marking not in conformity with section 212. The irregular marking was not within the proscription of the statute as an act of the voter which could be found to be for the purpose of identification. Moreover declaring the ballot invalid would penalize the voter for the error made by the election officials in not providing a voting machine in working order displaying proper ballots with voting squares for marking in accordance with section 212 of the Election Law. Appellant raises only the issue of the validity of the ballot designated as Exhibit B. Although no notice of cross-appeal was filed, respondent seeks modification of the order appealed from by having Exhibits A and C, which were cast for appellant, declared invalid and by having himself declared the winner of the election by two votes. Neither party raises an objection as to Special Term's rulings on other ballots in evidence. The broad powers vested in the courts to review, correct and maintain the integrity of elections by section 330 of the Election Law permit our determination of all the issues presented. All matters in dispute are before the court on the appeal by the appellant "from the orders of the Supreme Court * * * in this action * * * and from each and every part thereof". We find that Exhibit A was invalid under section 212 of the Election Law by reason of checkmarks outside the voting square provided on the ballot for the designation of appellant and that Exhibit C was invalid by reason of its containing the signature of the voter on the back of the ballot. Invalidating the two ballots (Exhibits A and C) marked for appellant, together with the validation of Exhibit B marked for appellant, results in respondent being the winner of the election by one vote.

(Appeal from order of Oneida Supreme Court—Election Law, § 330—determining election result.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.