■ In the Matter of STEVEN C. TENNERIELLO et al., Appellants, v BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent, and LAWRENCE KNIPEL et al., Respondents-Respondents. — In a proceeding to validate a petition designating petitioners as candidates in the Democratic Party primary election to be held on September 11, 1984, for the party positions of members of the County Committee for the Democratic Party of Kings County from various election districts of the 44th Assembly District, the appeal is from a judgment of the Supreme Court, Kings County (Slavin, J.), dated August 14, 1984, which granted a motion to dismiss the proceeding.

Judgment reversed, on the law and the facts, without costs or disbursements, motion to dismiss denied, and matter remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

Petitioners instituted the within proceeding pursuant to article 16 of the Election Law seeking to validate their candidacies

for election as members of the County Committee for the Democratic Party of Kings County from various election districts in the 44th Assembly District. The petition served herein is verified by petitioners' attorney pursuant to CPLR 3020 (subd [d], par 3). Special Term, relying upon the Appellate Division, Fourth Department's decision in *Matter of Sedita v Smolinski* (89 AD2d 1052), determined, *inter alia,* that verification by an attorney rather than a party to the proceedings does not comply with section 16-116 of the Election Law and accordingly dismissed the proceeding. We disagree.

Section 16-116 of the Election Law provides, *inter alia,* that a proceeding brought pursuant to that article "shall be heard upon a verified petition and such oral or written proof as may be offered". Nothing in this section requires a holding that verification of a petition may not be based upon an attorney's verification pursuant to CPLR 3020 (subd [d], par 3). In fact, the equities in an election proceeding weigh heavily in favor of allowing such a verification because these proceedings are subject to severe time constraints and require immediate action. Accordingly, we respectfully disagree with the conclusion reached in *Matter of Sedita v Smolinski (supra)* and hold that a petition commencing a proceeding pursuant to article 16 of the Election Law may be verified by an attorney pursuant to the requirements set forth in the CPLR.

We also disagree with Special Term's determination that the attorney's verification herein does not comply with CPLR 3021. In this case, verification by petitioners' attorney is permitted as he had an office in a county other than the one in which the petitioners reside (CPLR 3020, subd [d], par 3). In his verification, the attorney attested to this fact and stated that all of the contents of the petition "are true to my own knowledge" except as to matters alleged on information and belief. As to those matters which dealt solely with respondents-respondents' actions in filing objections with the Board of Elections, petitioners' attorney stated that he "believe[d] them to be true". Such a verification complies with CPLR 3021.

Parenthetically, we note that petitioners' attorney was present on the return date of the order to show cause, and, when informed of respondents-respondents' objection to his verification, offered his testimony to the court in order to clarify the basis of his verification, which offer was refused. Rather than dismiss the proceeding on the basis of a purportedly defective verification, Special Term should have received counsel's oral testimony at that time in order to supplement the verification.

For the above-stated reasons, the dismissal of the proceeding was erroneous. Accordingly, this matter is remitted to Special Term for a trial on the issues raised by respondents-respondents' objections to petitioners' candidacies. Bracken, J. P., O'Connor, Brown, Boyers and Eiber, JJ., concur.