(August 23, 1990)

■ In the Matter of LILLY A. BACHMANN, Respondent-Appellant, v JOSEPH M. DEFRONZO et al., Appellants-Respondents. (Matter No. 1.) In the Matter of DONALD ADOLFF, Respondent, v MARGUERITE R. ADAMS et al., Appellants, et al., Respondent. (Matter No. 2.)—In (1) a proceeding, inter alia, to invalidate a meeting of members of the Queens County Republican Committee representing the 15th Senatorial District, held on July

15, 1990, Joseph M. DeFronzo, Marguerite R. Adams and Frank P. Messano appeal from a judgment of the Supreme Court, Queens County (Nahman, J.), entered July 23, 1990, which dismissed the proceeding as against Marguerite R. Adams and Frank Messano for lack of personal jurisdiction and granted the petition to the extent of declaring that the meeting held July 15, 1990, was not an authorized meeting of the Republican Party County Committee or any of its subcommittees and that the authorization of the designation of Serphin R. Maltese as a candidate in the Republican Party primary election made at that meeting was invalid, and the petitioner Lilly A. Bachmann cross-appeals from so much of the same judgment as purportedly failed to hold the July 15, 1990, meeting invalid as having been held in violation of a temporary restraining order (No. 90-04974), and (2) a proceeding, *inter alia,* to declare invalid the meeting of members of the Queens County Republican Committee representing the 15th Senatorial District, held July 15, 1990, the purported authorization given at that meeting under Election Law § 6-120 (3) of the designation of Serphin R. Maltese as a candidate in the Republican Party primary election to be held on September 11, 1990, for the nomination of that party as its candidate for the public office of Senator for the 15th Senatorial District, and the petition designating Serphin R. Maltese as a candidate in that election, Marguerite R. Adams, Joseph M. DeFronzo, Frank P. Messano, Serphin R. Maltese and Frances Werner appeal from a judgment of the Supreme Court, Queens County (Nahman, J.), dated August 7, 1990, which, *inter alia,* invalidated the designating petition and directed the Board of Elections of the City of New York to remove the name of Serphin R. Maltese from the ballot in that primary election (No. 90-04978).

Motion by Lilly A. Bachmann, the petitioner in matter No. 1 and Donald Adolff, the petitioner in matter No. 2, to consolidate the appeals and cross appeal in those matters (Nos. 90-04974 and 90-04978).

Motion by J. Patrick Barrett, Chairman of the New York State Republican State Committee, for leave to serve and file a brief *amicus curiae.*

Ordered that the motions are granted; and it is further,

Ordered that the appeal of Marguerite R. Adams and Frank Messano from the judgment entered July 23, 1990, is dismissed, without costs or disbursements, on the ground that they are not aggrieved thereby *(see,* CPLR 5511), the proceed-

ing having been dismissed as against them for lack of personal jurisdiction; and it is further,

Ordered the cross appeal from the judgment entered July 23, 1990, is dismissed, without costs or disbursements, on the ground that the cross appellants are not aggrieved thereby (see, CPLR 5511; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539; *Matter of Stark v Friedman,* 122 AD2d 909, 910); and it is further,

Ordered that the judgment dated August 7, 1990, is affirmed, without costs or disbursements; and it is further,

Ordered that on the appeal of Joseph M. DeFronzo, the judgment entered July 23, 1990, is affirmed, without costs or disbursements.

The instant appeals involve the propriety of a meeting held July 15, 1990, by the Queens County Republican Party County Committee members within the 15th State Senatorial District. The purported goal of this meeting was to authorize incumbent State Senator Serphin R. Maltese, an enrolled member of the Conservative Party, as a candidate in the Republican Party primary (see, Election Law § 6-120 [3]). This action was challenged by Lilly A. Bachmann, the Queens County Republican Chairperson, based upon the fact that the County Committee members within the 15th State Senatorial District were not duly authorized to conduct such a meeting and that any action taken at such an unauthorized meeting must be declared invalid. The Supreme Court agreed with this position, determined the meeting to have been "null and void", and thereafter, in a separate proceeding, invalidated the designating petition of Serphin R. Maltese and directed the Board of Elections to remove his name from the Republican primary ballot. The appellants' contentions notwithstanding, we agree that the July 15 meeting was unauthorized and that the designating petition was properly invalidated.

It is firmly established that except where expressly governed by legislation, the internal organization and authority of a political party is governed by the party rules (see, Election Law § 2-114). The Queens County Republican Party rules only provide for the creation of (1) a County Committee, (2) an Executive Committee of the County Committee, (3) an Assembly District Committee for each Assembly District, and (4) an Executive Committee of each Assembly District Committee; no other standing committees are authorized. The group which met on July 15, 1990, was not one of these standing committees and was not a committee appointed by the Chairperson of

the County Committee under article V, § 5 of the rules or by the respective Assembly District Committees under article VI, § 12.

Even if the group which met on July 15 had been a duly constituted committee under the party rules, the meeting was in the nature of a special meeting which was not convened in accordance with those rules. Specifically, it was not a meeting of the County Committee convened at the direction of the County Chairperson on her own initiative, or on the written request of at least 20% of the membership of the County Committee in each Assembly District under article VI, § 2 or § 3. In addition, it was not called at the request of the respective, appropriate Assembly District Committee Chairpersons or at the written request of 25 of the members of each of those committees under article VI, § 10.

We are thus led to the inescapable conclusion that the meeting called on July 15, 1990, was held in contravention of the Queens County Republican Party rules *(cf., Matter of Eagan v Previte,* 55 AD2d 862), and any action taken thereat was invalid.

Finally, we note that both sides conceded that the voters in the 15th Senatorial District will not be denied the opportunity to vote for the candidate of their choice because a petition for a write-in ballot was filed and was not contested. Mangano, P. J., Thompson, Lawrence, Sullivan and Balletta, JJ., concur.