■ In the Matter of DANIEL W. DONNELLY, Respondent, v PASQUALE J. CURCIO et al., Appellants. [726 NYS2d 703] —In a proceeding pursuant to Election Law § 16-102 to invalidate a certificate of election filed with the Suffolk County Board of Elections electing the individual appellants as officers and executive members of the Suffolk County Committee of the Conservative Party of the State of New York, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Pitts, J.), dated January 17, 2001, as amended January 24, 2001, which, upon granting the petitioner's motion for summary judgment and denying the appellants' cross motion for summary judgment, in effect, declared that the certificate of election is invalid.

Ordered that the order and judgment, as amended, is reversed, on the law, without costs or disbursements, the motion is denied, the cross motion is granted, and it is declared that the certificate of election filed by the individual appellants is valid, and any other certificate already filed with the Suffolk County Board of Elections which purports to elect individuals other than the individual appellants as officers and executive members of the Suffolk County Committee of the Conservative Party of the State of New York is invalid.

The petitioner commenced this proceeding pursuant to Election Law § 16-102 to invalidate a certificate of election filed with the Suffolk County Board of Elections electing the individual appellants as officers and executive members of the Suffolk County Committee of the Conservative Party (hereinafter the Committee). The petitioner contends that the individual appellants were improperly elected at a Committee convention held on September 28, 2000, because no roll-call vote was taken as required by Election Law § 6-126. However, contrary to the petitioner's contention, a Committee convention held to elect party officers does not come within the ambit of Election Law § 6-126, which is intended to govern the manner and method of nominating candidates for public office at Judicial or State Conventions. Indeed, "[i]t is firmly established that except where expressly governed by legislation, the internal organization and authority of a political party is governed by the party rules" (*Matter of Bachmann v DeFronzo,* 164 AD2d 926, 928, citing Election Law § 2-114). Accordingly, it was proper for the

chairperson of the convention to utilize a voice vote, as permitted by Article IV, Section 5 of the Committee Rules and Regulations (hereinafter the Rules). We further note that the Rules require a roll call vote only if such a vote is demanded by individuals in attendance who are entitled to cast at least one-half of the votes of the Committee. However, the minutes of the convention demonstrate that no such appropriate application for a roll-call vote was ever made.

Accordingly, the order and judgment invalidating the certificate of election filed by the individual appellants is reversed, the petitioner's motion for summary judgment is denied, the appellants' cross motion for summary judgment is granted, and it is declared that the certificate of election filed by the individual appellants is valid.

In view of our determination that the individual appellants were validly elected by voice vote at the convention held on September 28, 2000, and adjourned at 9:50 P.M. to be the officers and executive members of the Committee, we further declare that any other certificate already filed with the Suffolk County Board of Elections purporting to elect individuals other than the individual appellants to these positions is invalid.

Under these circumstances, we need not reach the parties' remaining contentions. O'Brien, J. P., Krausman, Goldstein and Smith, JJ., concur.