(October 22, 2004)

■ In the Matter of NEW YORK STATE WORKING FAMILIES PARTY STATE COMMITTEE et al., Respondents, v CAROL BERMAN et al., Respondents, and WORKING FAMILIES PARTY COUNTY COMMITTEE OF SUFFOLK COUNTY et al., Appellants. [784 NYS2d 557]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a certificate of nomination naming Donna Lent as the candidate of the Working Families Party in a special election to be held on November 2, 2004, for the public office of Member of the Suffolk County Legislature, 12th Legislative District, and to validate a certificate of nomination naming John M. Kennedy as the candidate of the Working Families Party in a special election to be held on November 2, 2004, for the public office of Member of the Suffolk County Legislature, 12th Legislative District, the Working Families Party County Committee of Suffolk County, the Working Families Party Suffolk County Executive Committee, Charles J. Pohanka III, Donna Lent, Dorothy Weissgerber, and Joan Fontinatos appeal, as limited by their brief, from so much of a final order of the Supreme Court, Suffolk County (Werner, J.), dated October 15, 2004, as granted the petition, invalidated the certificate of nomination naming Donna Lent as the candidate, and validated the certificate of nomination naming John M. Kennedy as the candidate.

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

"Party nominations for an office to be filled at a special election shall be made in the manner prescribed by the rules of the party" (Election Law § 6-114). Article VIII.5 of the Rules of the Working Families Party of New York State provides that "[n]ominations for public office to be filled at a special election shall be made by the State Executive Committee" of that party.

The Supreme Court thus properly validated the certificate of nomination naming John M. Kennedy, who was nominated by the Working Families Party State Executive Committee (hereinafter the State Executive Committee), and invalidated the certificate of nomination naming Donna Lent, who was nominated by the Working Families Party Suffolk County Executive Committee (*see Matter of Schiliro v Mazza*, 53 NY2d 735 [1981]).

Contrary to the appellants' contention, the State Executive Committee was empowered to authorize Kennedy's nomination, even though he is not enrolled as a member of the Working Families Party (*see* Election Law § 6-120 [3]; *Matter of Miller v Meisser*, 22 NY2d 318, 320 [1968]; *see also* Rules of the Working Families Party of New York State art VIII.8).

The appellants' remaining contentions are without merit. Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.