In the Matter of INDEPENDENCE PARTY STATE COMMITTEE OF THE STATE OF NEW YORK et al., Respondents, v CAROLE BERMAN et al., Respondents, and PURPORTED INDEPENDENCE PARTY INTERIM COUNTY ORGANIZATION OF NASSAU COUNTY et al., Appellants. [812 NYS2d 654]—

In a proceeding, inter alia, pursuant to CPLR article 78 in the nature of mandamus to compel the Nassau County Board of Elections to remove from the September 13, 2005 Independence Party primary ballot the names of the candidates submitted by the purported Independence Party Interim County Organization of Nassau County, to deem the purported Independence Party Interim County Organization of Nassau County dissolved by resolution of the Independence Party State Committee of the State of New York, and to enjoin the purported Independence Party Interim County Organization of Nassau County from using the identity, name, property, or emblem of the Nassau County Independence Party, the purported Independence Party Interim County Organization of Nassau County, the purported Executive Committee of the purported Independence Party Interim County Organization of Nassau County, James L. Kapsis, Michael J. Camardi, Lola Camardi, Harry Kapralas, and Alexander Katagas appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (LaCava, J.), dated October 17, 2005, as denied their cross motion to dismiss the petition, and granted that branch of the petition which was to deem the purported Independence Party Interim County Organization of Nassau County dissolved by resolution of the Independence Party State Committee of the State of New York and to enjoin the purported Independence Party Interim County Organization of Nassau County from using the identity, name, property, or emblem of the Nassau County Independence Party, unless and until it is properly reorganized and/or recognized as such by the Independence Party State Committee of the State of New York.

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

This proceeding seeks to challenge the actions and authority of the purported Independence Party Interim County Organization of Nassau County (hereinafter the ICO). Contrary to the appellants' contention, the Supreme Court properly granted that branch of the petition which was to enforce a resolution

passed by the petitioner Independence Party State Committee of the State of New York (hereinafter the State Committee) dissolving the ICO, and enjoining the ICO from using the identity, name, property, or emblem of the Nassau County Independence Party, unless and until it is properly reorganized and/or recognized as such by the State Committee.

"[E]xcept where expressly governed by legislation, the internal organization and authority of a political party is [sic] governed by the party rules" (*Matter of Bachmann v DeFronzo*, 164 AD2d 926, 928 [1990]; *see also Matter of Kahler v McNab*, 48 NY2d 625 [1979]; Election Law § 2-114).

"Pursuant to the Rules of the. . . State Committee. . . , article X (1) and (2), such an interim county organization is 'a committee of the State Committee' of the Independence Party" (*Matter of Flores v Kapsis*, 10 AD3d 432, 433 [2004]). Article X, Section 2 (h) of the State Committee Rules, states, "[i]n cases of a dispute as to the validity of any purported interim county organization . . . the matter shall be decided by the State Executive Committee which decision shall take effect immediately. It must, however, be accepted by majority vote of the State Committee at its next regular meeting or at a special meeting called for that purpose."

Here, the ICO was nullified by the resolution of the State Independence Party Executive Committee on September 26, 2004 and that action was accepted by a majority of the State Committee on February 13, 2005 rendering the ICO dissolved pursuant to the above-referenced rule. The appellants did not challenge the State Committee action, and we are unpersuaded by the appellants' claim that the resolution and rule are unenforceable, inasmuch as the ICO existed solely by virtue of the State Committee's rules (*see Matter of Bachmann v Coyne*, 99 AD2d 742 [1984]; Election Law § 2-100). Since the ICO was deemed dissolved, the Supreme Court properly granted the relief sought by the State Committee, precluding the unauthorized use of the Independence Party's identity, intellectual property, and fundraising opportunities (*see Matter of Kelly v Curcio*, 180 AD2d 737 [1992]; *Mele v Ryder*, 8 AD2d 390 [1959]).

The appellants' remaining contentions, including, inter alia, their claim that this proceeding is barred by the statute of limitations, are either precluded by the law of the case doctrine, having been raised and rejected by us in a prior appeal of this matter (*see Quinn v Hillside Dev. Corp.*, 21 AD3d 406 [2005]; *Matter of Independence Party State Comm. of State of N.Y. v Berman*, 21 AD3d 1033 [2005]), or without merit. Miller, J.P., Krausman, Rivera and Spolzino, JJ., concur.