(June 22, 2006)

■ In the Matter of CHARLES J. POHANKA, III, et al., Respondents, v WORKING FAMILIES PARTY OF NEW YORK STATE et al., Appellants, et al., Respondent. [816 NYS2d 687]—

In a proceeding pursuant to CPLR article 78 to prohibit the enforcement of a rule of the Working Families Party of New York State, adopted February 4, 2006, vesting the State Committee of the Working Families Party of New York State with the power to issue certificates authorizing the nomination of candidates who are not enrolled members of the Working Families Party of New York State, inter alia, for county, town, and village elections, even in counties where there is a duly-constituted County Committee of the Working Families Party of New York State, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Spinner, J.), dated June 8, 2006, which granted the petition and declared the subject rule to be null, void, and of no force and effect.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

Contrary to the petitioners' contention, the State Committee of the Working Families Party of New York State is empowered to amend its rules to permit it to issue certificates authorizing the nomination of candidates, inter alia, for county, town, and village elections, even though the candidate is not enrolled as a member of the Working Families Party of New York State (*see* Election Law § 6-120 [3]; *Matter of Schiliro v Mazza,* 53 NY2d 735, 736 [1981]; *Independence Party State Comm. of State of N.Y. v Berman,* 28 AD3d 556 [2006]; *Matter of Donnelly v Curcio,* 284 AD2d 460 [2001]; *see also Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y.,* 86 NY2d 198 [1995]). The petitioners' reliance upon *Matter of Martin v Alverez* (21 AD3d 572 [2005]), is misplaced, inasmuch as the Working Families Party of New York State has amended the rule in question. Florio, J.P., Goldstein, Mastro and Fisher, JJ., concur.