■ In the Matter of ROBERT CONROY et al., Respondents, v STATE COMMITTEE OF THE INDEPENDENCE PARTY OF NEW YORK et al., Appellants, et al., Respondents. [841 NYS2d 605]—

In a hybrid proceeding pursuant to CPLR article 78 and Election Law article 16 and an action for a judgment declaring that the amendment to article VI, section 11, of the rules of the New York State Committee of the Independence Party adopted on June 10, 2007 is invalid, the appeal is from a final order of the Supreme Court, Kings County (Levine, J.), dated August 20, 2007, which granted the petition and, in effect, declared that the amendment is invalid.

Ordered that the final order is modified, on the law, by deleting the provision thereof, in effect, declaring that the amendment to article VI, section 11, of the rules of the New York State Committee of the Independence Party adopted on June 10, 2007 is invalid insofar as it vests the Executive Committee of the State Committee of the Independence Party of New York with the power to issue certificates authorizing the designation or nomination of candidates not enrolled as members of the Independence Party of New York for public offices in the City of New York which are not to be filled by all the voters of the City of New York, and substituting therefor a provision declaring that the amendment to article VI, section 11, of the rules of the New York State Committee of the Independence Party is valid

insofar as it vests the Executive Committee of the State Committee of the Independence Party of New York with the power to issue certificates authorizing the designation or nomination of candidates not enrolled as members of the Independence Party of New York for public offices in the City of New York which are not to be filled by all the voters of the City of New York; as so modified, the final order is affirmed, without costs or disbursements.

The State Committee of the Independence Party of New York (hereinafter the State Committee) correctly contends that, with respect to public offices in the City of New York that are not filled by all of the voters of the City of New York, it properly exercised its right to promulgate an amendment to its rules vesting in its Executive Committee the power to issue certificates authorizing the designation or nomination of candidates who are not enrolled members of the Independence Party (*see Matter of Pohanka v Working Families Party of N.Y. State*, 30 AD3d 625 [2006]). The State Committee concedes, however, that the subject amendment is inconsistent with the procedure set forth in Election Law § 6-120 (3) for such authorizations of candidates for citywide offices in the City of New York, and thus, is invalid to the extent that it purports to empower the Executive Committee to issue certificates relating to citywide elections in the City of New York (*see Matter of Grancio v Coveney*, 60 NY2d 603 [1983]; *cf. Matter of Schiliro v Mazza*, 53 NY2d 735 [1981]; *Matter of Independence Party State Comm. of State of N.Y. v Berman*, 28 AD3d 556 [2006]). Based on the foregoing, including the concession, we modify the final order accordingly. Prudenti, P.J., Crane, Fisher and Carni, JJ., concur.