■ In the Matter of Robert Master et al., Respondents, v Charles J. Pohanka III et al., Appellants, et al., Respondents. [844 NYS2d 325]—

In a proceeding pursuant to Election Law § 16-102, inter alia, in effect, to invalidate certain so-called Wilson-Pakula certifi-

cates (*see* Election Law § 6-120 [3]) issued by the Suffolk County Working Families Party Executive Committee authorizing certain persons who were not enrolled as members of the Working Families Party of New York State to appear as candidates on the ballot in a primary election to be held on September 18, 2007 and a general election to be held on November 6, 2007, the appeal is from a final order of the Supreme Court, Suffolk County (MacKenzie, J.), dated September 5, 2007, which, among other things, determined that the Wilson-Pakula certificates issued by the Suffolk County Working Families Party Executive Committee were null and void.

Ordered that the final order is affirmed, without costs or disbursements.

" 'Except where expressly governed by legislation, the internal organization and authority of a political party [are] governed by the party rules' " (*Matter of Independence Party State Comm. of State of N.Y. v Berman,* 28 AD3d 556, 558 [2006], quoting *Matter of Bachmann v DeFronzo,* 164 AD2d 926, 928 [1990]). We have previously determined that "the State Committee of the Working Families Party of New York State is empowered to amend its rules to permit it to issue certificates authorizing the nomination of candidates, inter alia, for county, town, and village elections, even though the candidate is not enrolled as a member of the Working Families Party of New York State" (*Matter of Pohanka v Working Families Party of N.Y. State,* 30 AD3d 625, 625 [2006]; *see generally* Election Law § 6-120 [3]). The rules of the Working Families Party of New York State reserve the authority to issue such authorizations for any county, city, or local office, including offices of towns and villages, but excluding citywide offices in New York City (*see generally* Election Law § 6-120 [3]), exclusively to the State Committee and State Executive Committee of the party, and do not empower any county-level committee to issue such certificates of authorization. The rules also provide that, in the event of a conflict between the rules or actions of the Working Families Party of New York State and those of any Working Families Party county-level committee or other committee, the rules or actions of the Working Families Party of New York State control. Accordingly, the Supreme Court properly determined that the rules and actions of the Working Families Party of New York State control here, and that the certificates of authorization issued by the Suffolk County Working Families Party Executive Committee were null and void (*cf.* Election Law § 6-120 [3]; *Matter of Pohanka v Working Families Party of N.Y. State,* 30 AD3d at 625; *Matter of New York State Working Families Party State Comm. v Berman,* 11 AD3d 646, 646-647 [2004]).

The appellants' contention that the rules of the Working Families Party of New York State under consideration herein violate the one-person, one-vote principle of the United States Constitution is without merit (*see Mrazek v Suffolk County Bd. of Elections,* 630 F2d 890 [1980]). Rivera, J.P., Krausman, Florio and Dickerson, JJ., concur.