■ In the Matter of ROBERT MASTER et al., Respondents, v CHARLES J. POHANKA III et al., Appellants, et al., Respondents. [845 NYS2d 376]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate certain so-called Wilson-Pakula certificates (*see* Election Law § 6-120 [3]) and certificates of substitution issued by the Executive Committee of the Suffolk County Working Families Party Executive Committee, authorizing certain persons to appear as candidates on the ballot in a general election to be held on November 6, 2007, Charles J. Pohanka III, Donna Lent, the "Executive Committee of the Suffolk County Working Families Party Executive Committee," and Edward D. Burke, Sr., appeal, as limited by their brief, from so much of a final order of the Supreme Court, Nassau County (Diamond, J.), dated October 23, 2007, as (1) granted those branches of the petition which were to annul the certificate of substitution issued by the "Executive Committee of the Suffolk County Working Families Party Executive Committee," purporting to nominate Edward D. Burke, Sr., as a candidate for the public office of Town Justice in the Town of Southampton, to enjoin the Suffolk County Board of Elections from placing his name on the ballot for the general election to be held on November 6, 2007 and to enjoin the Suffolk County Board of Elections from accepting any further so-called Wilson-Pakula certificates or certificates of substitution from the Suffolk County Working Families Party and the "Executive Committee of the Suffolk County Working Families Party Executive Committee," provided that the current rules of the New York State Working Families Party remain in force, (2) enjoined the Suffolk County Working Families Party County Committee, the "Executive Committee of the Suffolk County Working Families Party Executive Committee," Charles J. Pohanka III, and Donna Lent from issuing so-called Wilson-Pakula certificates or certificates of substitution provided that the current rules of the New York State Working Families Party remain in force, and (3), in effect, denied the motion of Charles J. Pohanka III, Donna Lent, the "Executive Committee of the Suffolk County Working Families Party Executive Committee," and Edward D. Burke, Sr., a candidate for the public office of Town Justice in the Town of Southampton, to dismiss the petition pursuant to CPLR 3211 (a) (1), (7), and (10).

Ordered that the final order is modified, on the law, by deleting the provision thereof enjoining the Suffolk County Working

Families Party County Committee, the "Executive Committee of the Suffolk County Working Families Party Executive Committee," Charles J. Pohanka III, and Donna Lent from issuing so-called Wilson-Pakula certificates and certificates of substitution provided that the current rules of the New York State Working Families Party remain in force; as so modified, the final order is affirmed insofar as appealed from, without costs or disbursements.

As the Supreme Court correctly observed, the appellants' objection to the allegedly defective verification of the petition was waived by their failure to raise the objection with due diligence. "Where a pleading is served without a sufficient verification in a case where the adverse party is entitled to a verified pleading, he [or she] may treat it as a nullity, provided he [or she] gives notice with due diligence to the attorney of the adverse party that he [or she] elects so to do" (CPLR 3022). While "due diligence" has been interpreted as "immediately" and within 24 hours (*Matter of Ladore v Mayor & Bd. of Trustees of Vil. of Port Chester,* 70 AD2d 603, 604 [1979]), the Court of Appeals, in considering CPLR 3022, has stated that it has "never specified a uniform time period by which to measure due diligence" (*Lepkowski v State of New York,* 1 NY3d 201, 210 [2003]). Election Law proceedings are subject to severe time constraints, and they require immediate action (*see Matter of Tenneriello v Board of Elections in City of N.Y.,* 104 AD2d 467, 468 [1984]). Under the particular circumstances of this Election Law proceeding, we conclude that the appellants failed to exercise due diligence with respect to providing notice that they elected to treat the petition as a nullity due to the allegedly defective verification (*see* CPLR 3022; *see also Matter of Ladore v Mayor & Bd. of Trustees of Vil. of Port Chester,* 70 AD2d at 604). Moreover, we note that there is no allegation that a substantial right of the appellants would be prejudiced by the allegedly defective verification (*cf. Matter of Rose v Smith,* 220 AD2d 922, 923 [1995]).

The Supreme Court also correctly, in effect, denied that branch of the appellants' motion which was to dismiss the petition for failure to name a necessary party. It was undisputed that the "Executive Committee of the Suffolk County Working Families Party Executive Committee" (hereinafter the Suffolk Executive Committee), took the action that was challenged by the petitioners here. There was no allegation that the Suffolk County Working Families Party County Committee (hereinafter the County Committee) took any action relevant to this proceeding. Therefore, the County Committee was not a necessary party

to this proceeding (*see* CPLR 1001; *cf. Matter of Red Hook/ Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals,* 5 NY3d 452 [2005]).

The Supreme Court properly, in effect, denied that branch of the appellants' motion which was to dismiss the petition on the ground that it failed to state a cause of action. A tie vote in the primary election held on September 18, 2007, for the nomination of the Working Families Party for the public office of Town Justice of the Town of Southampton resulted in a vacancy in the nomination of the Working Families Party candidate for that office. The Suffolk Executive Committee submitted a certificate of substitution to the Suffolk County Board of Elections, purporting to name Edward D. Burke, Sr., as the party's nominee for that office. The petitioners commenced this Election Law proceeding, inter alia, to invalidate this certificate of substitution on the ground that its submission was prohibited by the rules of the New York State Working Families Party. Except to the extent otherwise provided therein, the rules of the New York State Working Families Party reserve to the State Committee and State Executive Committee of the New York State Working Families Party the power to nominate, designate, and authorize candidates for public office (*see generally Matter of Master v Pohanka,* 43 AD3d 835 [2007], *lv granted* 9 NY3d 811 [2007]; *Matter of Pohanka v Working Families Party of N.Y. State,* 30 AD3d 625 [2006]). "The rules also provide that, in the event of a conflict between the rules or actions of the Working Families Party of New York State and those of any Working Families Party county-level committee or other committee, the rules or actions of the Working Families Party of New York State control" (*Matter of Master v Pohanka,* 43 AD3d at 835-836). Since the certificate of substitution submitted by the Suffolk Executive Committee effectively nominated Edward D. Burke, Sr., it contravened the rules of the New York State Working Families Party, which rules control, and reserve to the New York State Working Families Party the power to nominate, designate, and authorize candidates for public office (*see Matter of Master v Pohanka,* 43 AD3d 835 [2007], *lv granted* 9 NY3d 811 [2007]). Accordingly, the Supreme Court properly granted those branches of the petition which were to annul the certificate of substitution at issue here and to enjoin the Suffolk County Board of Elections from placing the name of Edward D. Burke, Sr., on the ballot as the candidate of the Working Families Party for the public office of Town Justice in the Town of Southampton for the general election to be held on November 6, 2007.

The Supreme Court erred, however, in enjoining the County

Committee, the Suffolk Executive Committee, Charles J. Pohanka III, and Donna Lent from issuing so-called Wilson-Pakula certificates or certificates of substitution provided that the current rules of the New York State Working Families Party remain in force.

The appellants' remaining contention is without merit. Spolzino, J.P., Ritter, Krausman and Dickerson, JJ., concur.