# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1100**
**CAE 15-01569**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, AND VALENTINO, JJ.

---

JOEY P. DELABIO, CITIZEN OBJECTOR AGGRIEVED,
PETITIONER-RESPONDENT,

                V                      MEMORANDUM AND ORDER

LORA ALLEN AND JENNIFER FRONCZAK, COMMISSIONERS
CONSTITUTING NIAGARA COUNTY BOARD OF ELECTIONS,
GREGORY PETERSON, DOUGLAS KELLNER, PETER KOSINSKI
AND ANDREW SPANO, COMMISSIONERS CONSTITUTING NEW
YORK STATE BOARD OF ELECTIONS, KATHRYN L.
PALKA-LANCE, CANDIDATE, RESPONDENTS-RESPONDENTS,

BARBARA FIALA, KATHLEEN JOY, RACHEL GOLD, VIVIAN
VILORIA-FISHER, SUSAN ZIMET, LYNN KOPKA, COLLEEN
ANDERSON, DIANE DIMEO, LORIE BARNUM, DIANE CIHAK,
RESPONDENTS-APPELLANTS,

MARY JO TAMBURLIN, JAMIE SLOCUM, HEATHER COLLINS,
NANCY R. GIOVANELLI, BERNADETTE FOX, CECILIA TKACZYK,
RYNN (HANNAH) REED, MOHINI SHARMA, VIRGINIA SCHOLOMITI,
JOY BLACK, SANDRA MCGARRAUGH, PURPORTED OFFICERS
AND MEMBERS OF INTERIM COMMITTEE(S) OF WOMEN'S
EQUALITY PARTY, RESPONDENTS-RESPONDENTS,

AND THE WOMEN'S EQUALITY PARTY, RESPONDENT-APPELLANT.

---

GREENBERG TRAURIG LLP, NEW YORK CITY (CARMEN BEAUCHAMP CIPARICK OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

SHAWN P. NICKERSON, NORTH TONAWANDA, FOR PETITIONER-RESPONDENT.

CLAUDE A. JOERG, COUNTY ATTORNEY, LOCKPORT, FOR
RESPONDENTS-RESPONDENTS LORA ALLEN AND JENNIFER FRONCZAK,
COMMISSIONERS CONSTITUTING NIAGARA COUNTY BOARD OF ELECTIONS.

LAW OFFICE OF JOHN R. DREXELIUS, JR., KENMORE (JOHN R. DREXELIUS, JR.,
OF COUNSEL), FOR RESPONDENTS-RESPONDENTS MARY JO TAMBURLIN, JAMIE
SLOCUM, HEATHER COLLINS, NANCY R. GIOVANELLI, AND BERNADETTE FOX.

PETER A. REESE, BUFFALO, FOR RESPONDENTS-RESPONDENTS CECILIA TKACZYK,
RYNN (HANNAH) REED, MOHINI SHARMA, VIRGINIA SCHOLOMITI, JOY BLACK, AND
SANDRA MCGARRAUGH, PURPORTED OFFICERS AND MEMBERS OF INTERIM
COMMITTEE(S) OF WOMEN'S EQUALITY PARTY.

SINNREICH, KOSAKOFF & MESSINA, LLP, CENTRAL ISLIP (JOHN CIAMPOLI OF COUNSEL), FOR ANN VAN SAVAGE, CHRISTINA RUOCCO, REBECCA LUMSDEN AND BIJOY DATTA, CHAIRMAN OF THE BROOME COUNTY REPUBLICAN PARTY COMMITTEE, AMICUS CURIAE.

----------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered September 14, 2015 in a proceeding pursuant to Election Law article 16.  The order, insofar as appealed from, enjoined respondents-appellants from issuing any certificate of nomination in the name of the Women's Equality Party unless and until a majority of candidates certifies a set of rules.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, and the injunction is vacated insofar as granted as against respondents-appellants.

Memorandum:  Respondents-appellants (respondents) appeal from an order insofar as it enjoined them from issuing any certificate of nomination in the name of respondent-appellant Women's Equality Party (WEP) unless and until a majority of its statewide candidates in the 2014 general election certifies a set of rules.  We agree with respondents that Supreme Court erred in granting the injunction against them, and we therefore reverse the order insofar as appealed from and vacate the injunction accordingly.

Petitioner commenced this proceeding seeking, inter alia, to challenge the certificate nominating respondent Kathryn L. Palka-Lance as a candidate for Niagara County Legislature on the WEP line in the 2015 general election.  Petitioner alleges that three separate groups have filed rules with the New York State Board of Elections in the name of the WEP.  Those groups include respondents, whose rules have been certified by Governor Andrew Cuomo and Lieutenant Governor Kathleen Hochul, and another group, whose rules were signed by Mary Jo Tamburlin, as purported chairman of the 2015 organizational meeting of the WEP, and Jamie Slocum, as purported secretary thereof (collectively, Tamburlin group), and it is the Tamburlin group that filed the certificate nominating Palka-Lance.  Petitioner sought an order, inter alia, invalidating Palka-Lance's certificate of nomination, enjoining the Niagara County Board of Elections from placing Palka-Lance's name on the ballot in the 2015 general election, and enjoining any of the three groups from making nominations in the name of the WEP unless under rules certified by a majority of the statewide candidates, and the court granted that relief.

We agree with respondents that, under the circumstances presented, the court abused its discretion in granting the injunctive relief against them inasmuch as Election Law § 16-102 provided petitioner an adequate remedy to challenge Palka-Lance's certificate of nomination (*see generally Matter of Gournet v Lefkowitz*, 27 AD2d 809, 809).  The issue whether Palka-Lance's certificate of nomination required invalidation under the Election Law may be decided without reaching the issue whether respondents' rules are valid.  Respondents contend, inter alia, that there is no "question or conflict relating

to the rules or the rule-making body" for purposes of Election Law §
6-128 (4). Even assuming, arguendo, that there is a "question or
conflict" for purposes of section 6-128 (4), there is no dispute that
the Tamburlin group's rules, pursuant to which Palka-Lance's
certificate of nomination was filed, may not be "deemed to be the
rules" of the WEP for purposes of the statute, because no statewide
candidate in the 2014 general election has certified those rules. We
therefore agree with respondents that the injunction should be vacated
insofar as it was granted against them (*see generally Matter of Peluso
v Erie County Independence Party*, 66 AD3d 1329, 1330; *Matter of Master
v Pohanka*, 44 AD3d 1050, 1053-1054).

Finally, because we conclude that Election Law § 16-102 provided
petitioner with an adequate remedy in this case, and because we agree
with respondents that the validity of their party rules would be
decided more appropriately in the context of a challenge to a
certificate of nomination filed by respondents pursuant to their
rules, we decline to grant any further relief (*cf. Matter of Peluso v
Erie County Independence Party*, 13 NY3d 139, 140; *see generally Matter
of Morgenthau v Erlbaum*, 59 NY2d 143, 148, *cert denied* 464 US 993;
*Rockland Light & Power Co. v City of New York*, 289 NY 45, 50-51).

Entered: September 24, 2015                    Frances E. Cafarell
                                               Clerk of the Court