Matter of Lee v Orange County Bd. of Elections (2018 NY Slip Op 05806)





Matter of Lee v Orange County Bd. of Elections


2018 NY Slip Op 05806


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-09731
 (Index No. 8203/18)

[*1]In the Matter of Gay Lee, etc., petitioner-respondent,
v
Orange County Board of Elections, respondent-appellant, et al., respondent.




DECISION & ORDER
In a proceeding, in effect, pursuant to Election Law § 16-102, inter alia, to validate a petition designating Gay Lee as a candidate in a primary election to be held on September 13, 2018, for the nomination of the Democratic Party as its candidate for the public office of Mayor of the City of Newburgh, the Orange County Board of Elections appeals from a final order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated August 16, 2018. The final order granted the petition, inter alia, to validate the designating petition, annulled the determination of the Orange County Board of Elections invalidating the designating petition and disqualifying Gay Lee from appearing as a candidate on the subject ballot, and directed the Orange County Board of Elections to place Gay Lee's name on the ballot for the primary election to be held on September 13, 2018.
ORDERED that the final order is affirmed, without costs or disbursements.
Section 16-116 of the Election Law requires that a special proceeding commenced under article 16 of the Election Law be "heard upon a verified petition" (see Matter of Goodman v Hayduk, 45 NY2d 804, 806; Matter of Niebauer v Board of Elections in the City of N.Y., 76 AD3d 660; see also CPLR 3021). Under the particular circumstances of this case, however, dismissal of the instant proceeding, inter alia, to validate the designating petition is not warranted. The Orange County Board of Elections (hereinafter the BOE) failed to give notice with due diligence as to the alleged lack of verification (see CPLR 3022; Matter of Master v Pohanka, 44 AD3d 1050, 1052; Matter of Ladore v Mayor & Bd. of Trustees of Vil. of Port Chester, 70 AD2d 603, 604). Moreover, we note that there is no allegation that a substantial right of the BOE would be prejudiced by the allegedly defective verification (see Matter of Master v Pohanka, 44 AD3d at 1052; Matter of Rose v Smith, 220 AD2d 922, 923).
We agree with the Supreme Court's determination to grant the petition, inter alia, to validate the designating petition, to annul the determination of the BOE invalidating the petition designating the petitioner as a candidate in a primary election to be held on September 13, 2018, for the nomination of the Democratic Party as its candidate for the public office of Mayor of the City of Newburgh, and disqualifying the petitioner from appearing as a candidate on the subject ballot, and to direct the BOE to place the petitioner's name on the ballot. The record shows that 69 of the challenged signatures were found invalid by the BOE because the "Petition Address [is] Not [the] Same As Registered." That the address appearing on a voter's registration record differs from the address provided by that voter on the petition he or she signed does not provide a basis for invalidating that voter's signature (see Matter of Sheldon v Bjork, 142 AD3d 763, 764; Matter of [*2]Curley v Zacek, 22 AD3d 954, 957; see generally Matter of Bichotte v Adolphe, 120 AD3d 674, 675).
The BOE's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, ROMAN, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court