Per Curiam.

As the courts below concluded, the failure of the presiding officer at the organizational meeting to observe the order of business dictated by the rules and regulations of the county committee, which provide that rules are to be adopted to govern the conduct of the meeting (and this includes a rule with respect to the manner of voting) and that vacancies in the committee’s membership are to be filled before proceeding to the business of electing officers, constitutes an “ irregularity”, under the Election Law (§ 330, stibd. 2), sufficient to warrant the nullifying of the meeting of June 10-11,1964, and the directing of a reconvened meeting. The order of business mandated by the rules of the county committee is to ‘be followed at the new meeting and the 119 vacancies, found to exist, are to be filled prior to the election of committee officers. Section 13 of the Election Law, insofar as it provides that members of the county committee shall hold office until the election of their successors, *923 does not mean that county committeemen who do not run for re-election remain in office after the primary election.
The order appealed from should be modified to the extent of directing that the new meeting of the Republican County Committee of Erie County is to be convened on or prior to April 8, 1965, instead of the expired date presently fixed and, as so modified, affirmed, without costs.
Chief Judge Desmond and Judges Dye, Fxjld, Van Vooehis, Burke, Scileppi and Bergan concur.
Ordered accordingly.