Memorandum. In a Democratic primary election held on June 23, 1970, 5,507 voters participated in the 78th Assembly District and of that number 1,859 voted for the election of a nominee for the office of Assemblyman. Petitioner-appellant, Edward Stevenson, receiving 642 votes, lost the nomination to respondent Louis Nine who had received 715 votes. Albert Brooks, Jr., another candidate, received 502 votes. The petitioner, Stevenson, thereafter instituted the instant proceeding pursuant to section 330 of the Election Law seeking a new primary election.
*154 Special Term, after a hearing before a Referee, found 263 election irregularities consisting of 179 votes allegedly cast by voters ineligible to vote in the Democratic primary, 30 voters whose signatures on the buff cards were undated and 54 excessive votes.
The Appellate Division reversed Special Term on the law and the facts. It found that it was error to count the alleged 179 ineligible voters since “No effort was made to present evidence which would indicate any of these questioned votes were cast for [respondent] Nine or any of the three candidates for Assembly ’ As to the 84 remaining irregularities, petitioner had failed to meet his burden of proving that there was a probability that the result of the June 23rd election would have been different had the irregularity not occurred, and that those irregularities warrant directing a new election.
Although we are in agreement with the conclusion of the Appellate Division that the irregularities were not sufficient to warrant a new election, we disagree with the view expressed by that court that petitioner may have waived his right to argue the issues presented in the instant appeal since it is our opinion that in the instant case the issues were preserved whether or not poll watchers were present and could have challenged at the various election districts. This is not a case of any claimed fraud or misconduct on the part of any of the candidates or their supporters, but a matter of irregularity which often occurs during elections. In such cases, an unsuccessful candidate has the burden of proving that the irregularities were of such a nature so as to establish the probability that the result of the election would be changed by a shift in, or an invalidation of, the questioned votes (Election Law, § 330, subd. 2; see Matter of De Martini v. Power, 27 N Y 2d 149; Matter of Ippolito v. Power, 22 N Y 2d 594). Petitioner herein has not met that burden since the mere showing that an election was mathematically close is not enough to justify a new election (Matter of Straus v. Power, 22 N Y 2d 886; Matter of Acevedo v. Power, 18 N Y 2d 700; Matter of Badillo v. Santangelo, 15 A D 2d 341).
Accordingly, the order appealed from should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order affirmed, without costs, in a memorandum.