■ Anthony Lo Russo et al., Appellants, v Erie County Board of Elections et al., Respondents. — Order unanimously affirmed, without costs. Same memorandum as in *Tsakos v Erie County Bd. of Elections* (83 AD2d 983). (Appeal from order of Erie Supreme Court, Wolf, J. — election law.) Present — Dillon, P. J., Cardamone, Callahan, Denman and Schnepp, JJ. (Decided Aug. 26, 1981.)

■ In the Matter of Paul Bertan, Individually and as Chairman of the Onondaga County Committee of the Conservative Party of New York State, Respondent, v Brenda D. O'Neill et al., Appellants. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Respondents O'Neill and Chave appeal from Special Term's determination that all officers were duly elected at the June 17, 1981 organizational meeting of the Onondaga County Committee of the Conservative Party of New York State. We agree with Special Term that Paul Bertan was duly elected chairman at the June 17 meeting under the then operative "one man, one vote" rule. Special Term erred, however, insofar as it found that the remaining officers of the Onondaga County Committee were also duly elected. Subdivision 1 of section 2-114 of the Election Law provides that: "No rule or amendment * * * shall be effective" until filed with the State Board of Elections. This statutory mandate must be construed together with the provision in subdivision 1 of section 2-114 of the Election Law that rules continue to govern until amended or new rules are adopted *(Matter of Honeoye Cent. School Dist. v Berle,* 72 AD2d 25, 35, affd 51 NY2d 970; McKinney's Cons Laws of NY, Book 1, Statutes, § 98). Applied to the June 17 meeting, these statutory provisions mean that the 1978 rules and regulations of the Onondaga County Committee remain effective until the 1981 rules and regulations containing a newly adopted provision for weighted voting were filed with the State Board of Elections. Thus, the election results of the June meeting must be determined on the basis of the 1978 rules which provided for "one man, one vote." On the basis of that rule, the uncontroverted testimony at the hearing held before Special Term establishes that Paul Bertan was duly elected chairman. However, the election of the other officers of the Onondaga County Committee is not supported by the record, which is devoid of evidence of the names of the nominees and the actual vote for each office. Further, the election of these remaining officers was so irregular as to make it impossible to determine who was rightfully elected (Election Law, § 16-102, subd 3). The election of these officers upon Chairman Bertan's "one man, one vote" computation was without benefit of any proxies or tally sheets, which were in the possession of the acting secretary of the meeting. Thus, that part of the June 17 meeting must be declared void (Election Law, § 16-102, subd 3; *Matter of Ryan v Grimm,* 15 NY2d 921, 922). (Appeal from order of Onondaga Supreme Court, J. O'C. Conway, J. — election law.) Present — Dillon, P. J., Cardamone, Callahan, Denman and Schnepp, JJ. (Decided Aug. 26, 1981.)