■ In the Matter of ELAINE A. LEIRER, Appellant, v SUFFOLK COUNTY COMMITTEE OF THE CONSERVATIVE PARTY OF NEW YORK STATE et al., Respondents. In the Matter of DENISE KAY et al., Appellants, v NEIL GREENE et al., Respondents. — In proceedings pursuant to article 16 of the Election Law to set aside the election of officers of the Executive Committee of the Suffolk County Committee of the Conservative Party of New York State, petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (De Luca, J.), dated February 8, 1983, as, upon consolidating said proceedings, denied the applications and dismissed the petitions. Judgment reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and matter remitted to the Supreme Court, Suffolk County, for a hearing and determination of the matter based, *inter alia,* on the answers to the following questions: (1) which version of the amendments passed at the October 3, 1982 meeting represents the amendments actually presented for adoption; (2) when, if at all, were such amendments filed with the State and Suffolk County boards of elections and are either or both of the candidates disqualified from holding office thereunder; (3) does the final vote tally filed with the boards of elections in relation to the October 3, 1982 election for chairman accurately reflect the votes attributable to each election district and does a tally of the properly weighed vote show petitioner Leirer to be the winner; and (4) did respondent Greene fail to notify a number of committeemen sufficient to render the October 14, 1982 meeting a nullity? On October 3, 1982 the Suffolk County Committee of the Conservative Party of New York State held an organizational meeting. After the filling of vacancies, two amendments to the "RULES AND REGULATIONS OF THE SUFFOLK COUNTY COMMITTEE" were proposed and passed. Thereafter, respondent Neil Greene, who was temporary chairman of the organizational meeting, filed a "CERTIFICATION OF ADOPTION OF RULES AND REGULATIONS" with the State and Suffolk County boards of elections. The amendments filed by Greene read as follows: "AMENDMENT I The county chairman, vice chairman, secretary, and treasurer cannot hold office if they hold an appointed or elected salaried position with town, county, state or federal government. "AMENDMENT II A town leader or vice chairman holding an appointed or elected position in town, county, state or federal government, cannot vote on the executive board." Petitioner Leirer, who served as assistant secretary at the meeting, contends that the foregoing

is an incorrect statement of the amendments actually adopted at the meeting and that the correct text of those amendments is contained in the sworn statement of the secretary of the county committee. The secretary's version of the amendments reads as follows: "Section 3a (1) Article III All officers of the Suffolk County Conservative Party shall be prohibited from holding office if that individual holds any appointed or elected political position that is salaried. Section 3b (2) Article III Any voting member of the Executive Committee of the Suffolk County Conservative Party shall be prohibited from holding office if that person receives any remuneration from any Federal, State or Municipal Government or any sub-division thereof either appointed, elected or sub-contracted. This shall include referrals from any Court System or Sub-Division thereof." After it was announced that the amendments had passed, the election for chairman of the county committee was held. There were two declared candidates, petitioner Leirer and respondent Haar. The voting was by roll call based upon a weighted vote. After the names were called, it was noticed by a Brookhaven committeewoman that votes were being cast on behalf of committee persons who were no longer in attendance at the meeting. Those votes, which had all been cast in favor of respondent Haar, were challenged. The secretary asked that thereafter the committee person voting stand to be recognized before declaring his or her vote. Petitioner Leirer requested that the challenged votes be taken over again. Temporary chairman Greene stated that the votes would be taken over only if the final outcome was close. Thereafter the votes of three other committee persons, which had been cast in favor of respondent Haar, were challenged as fraudulent. After the voting was concluded, the tellers declared that 3,053 gubernatorial votes had been cast in favor of petitioner Leirer and 2,974 in favor of respondent Haar. Temporary chairman Greene noted that some of the election districts created since 1978 had no gubernatorial votes allocated to them on the charts and therefore the tally would have to be recalculated after obtaining the number of gubenatorial votes allocable to each of those districts from the board of elections. Three committee persons challenged the election and petitioner Leirer consulted the parliamentarian. The parliamentarian read that portion of Roberts' Rules of Order that pertained to elections involving fraud and stated that, in his opinion, the vote should be retaken. At this point a quorum was not present and a motion was passed directing the county secretary to find a place to reconvene the meeting and to notify all committee persons of such reconvening. The sign in and vote count sheets were then placed in an envelope which was sealed and taken to a police station for safekeeping until it could be taken to the board of elections. Thereafter, temporary chairman Greene filed a statement with the State and Suffolk County boards of elections declaring that "as far as the numbers available to [him showed]" respondent Haar was the winner of the election for chairman of the county committee. It is alleged by petitioners that on or before October 8, 1982, the county secretary informed several town chairmen that the organizational meeting would be reconvened on November 1, 1982 at 7:30 P.M. at the Electricians' Hall in Melville. It is further alleged that the county secretary so informed temporary chairman Greene and that Greene stated that he was going to send out his own notice to reconvene the meeting on October 14, 1982. On October 14, 1982 a meeting of the party was held pursuant to the notices sent out by respondent temporary chairman Greene. He reconvened the meeting, declared respondent Haar to be the newly elected chairman and turned the chair over to Haar. When two committeemen questioned whether a quorum was present, respondent Haar ruled that they were out of order and that since the meeting was a reconvening of the October 3, 1982 meeting, a quorum was not necessary.

Three vice-chairmen, a treasurer and a secretary were then elected by voice vote. The petitions in the consolidated proceedings seek, *inter alia,* (1) a declaration that the amendments to the rules and regulations filed with the county board of elections are null and void, (2) a declaration that the October 3, 1982 election is null and void or, in the alternative, a declaration that petitioner Leirer is the winner of said election, (3) a declaration that the elections held at the October 14, 1982 meeting are null and void, and (4) an award of compensatory damages for emotional and mental pain, stress and anguish in the amount of $50,000 and punitive damages in the amount of $200,000. Although Special Term's dismissal of that portion of the consolidated petitions seeking an award of damages was proper, we hold that it was improper to dismiss the remaining portions of the consolidated petitions without a hearing on the matters raised therein. Subdivision 1 of section 2-112 of the Election Law provides that: "every county committee shall within twenty days after its election * * * meet and organize". Subdivision 1 of section 2-114 of the Election Law provides that: "[e]ach committee may prepare rules for governing the party within its political unit. Within ten days after the adoption of any rule or amendment thereto a certified copy thereof shall be filed * * * by the county committee in the office of the state board of elections, and in the office of the board of elections of the county * * * No rule or amendment thereof shall be effective until the filing thereof in the state board of elections. Such rules shall continue to be the rules for the committee until they are amended or new rules adopted". Applied to the October 3, 1982 organizational meeting, these statutory provisions mean that amendments to the rules and regulations could be validly passed without prior written notice of their terms to committee persons but they would not become effective until filed with the State board of elections (see *Matter of Bertan v O'Neill,* 83 AD2d 984). A problem arises however, in that the petitioners have alleged that the amendments filed with the State board of elections differ materially from the amendments actually adopted at the meeting and that under the amendments actually adopted, respondent Haar is disqualified from holding office. As we are unable to make a determination on the record before us we remit this proceeding to Special Term, *inter alia,* for a hearing and determination as to which version of the amendments was actually passed at the October 3, 1982 meeting and whether respondent Haar and/or petitioner Leirer is disqualified from holding office thereunder. With respect to the election held at the October 3, 1982 meeting, we note that the record contains no verified statement of (a) the number of votes attributable to each election district and (b) the final results of said election. This deficiency in the record prevents us from passing upon petitioner Leirer's contention that the votes, properly tallied, would show her to be the winner of the election. At the hearing to be held at Special Term, petitioners should provide such information so that it may properly determine that issue and, in addition, weigh the alleged irregularities in voting in light of the final tally. Lastly, we note with respect to the October 14, 1982 meeting that although the courts have declined to interfere in the internal affairs of the State's political parties, they will act to protect the rights of committee persons to be present and to vote at meetings of the committee (see *Marrin v Phillips,* 58 Misc 2d 644, 647 and cases cited therein). Thus, regardless of the temporary chairman's right to reconvene the October 3, 1982 meeting, if the notices are shown not to have been sent to a sufficient number of committee persons, the court should declare the meeting a nullity. Lazer, J. P., Mangano, Gulotta and Bracken, JJ., concur.