OPINION OF THE COURT
Martin B. Stecher, J.
Plaintiff, a vice-president and executive member of the New York State Liberal Party,[1] brings this action and makes this motion to compel the defendants, chairman and secretary, respectively, of the party to call an organizing meeting of the Liberal Party State Committee. Plaintiff also seeks an order appointing a “receiver” for the party (a “parliamentarian/referee” as described by the plaintiff on oral argument to conduct the meeting); approving a form of proxy for voting at a meeting so called; and directing that Roberts Rules of Order govern the meeting’s procedure.
The Legislature has structured the Election Law to permit political parties, within limits fixed by law, to conduct their own affairs without judicial supervision or restraint. Judicial intervention is only warranted upon a clear showing that a party or *6 its leaders have violated that law or the party’s own rules adopted in accordance with law, or otherwise violating the rights of party members or the electorate.
There is no question that there are at least two factions within the party, engaged in a bitter struggle for control and this litigation is, at least in part, an extension of that controversy.
In accordance with statute (Election Law § 2-102 et seq.) and party rules, the State committee is the governing body of the party. Tenure of members of the State committee is from primary election to primary election (Election Law § 2-106 [4]) held in even-numbered years. Yesterday, September 11, 1984, the return date of this motion, was such a day of transition.
By law and party rule, the committee members elected at the primary election of September 11,1984, are required to hold an organizing meeting within 15 days of the primary election or by September 26, 1984. Party rule requires no less than two days’ notice of any State committee meeting. (The rule is silent on how notice shall be given but presumably it will be given in writing issued in sufficient time for members to have such notice no less than two days before the scheduled meeting.) At such meeting, officers are elected and other business is transacted.
It cannot be said that the mere failure to call an organizing meeting by primary day is a violation of the duty to call such a meeting.
The party, however, is entitled to nominate electors for President and Vice-President of the United States but they must be nominated by the State committee. (Election Law § 6-102.) In order to place such nominees on the ballot for the general election in November 1984, the names of the candidates must be filed with the State Board of Elections no later than September 18,1984, seven days from the return date of this motion and six days from today. No meeting of the outgoing committee was held for such purpose and no meeting of the new committee has been scheduled. Counsel for defendants on oral argument assured me such a meeting would be called and held timely but adamantly refused to tell me on which of the next six days it would be held.
While the show-cause order makes no reference to such nomination, it is clear from the moving affidavit that plaintiff seeks a meeting of the committee in time to select candidates for President and Vice-President of the United States as well as electors for such offices.
From Mr. Notaro’s affidavit of September 12,1984, it is clear that the date to be fixed for such a meeting is involved in defendants’ negotiations (or perhaps war of nerves) with the *7 Democratic Party, not over the identity of the presidential and vice-presidential candidates, but for a joint slate of electors. (It may be equally consistent that the defendants’ desire to conceal the meeting date until the last possible moment is to impede the opposition’s collection of proxies.) Members of a political party have a right to nominate presidential electors irrespective of their leaders’ view or the success of their leaders’ political negotiations; and party officials who have the power to call such a meeting necessary to such purpose have a fiduciary obligation to party members to do so. Given the failure of the defendants to call such a meeting during the just-expired term of the previous State committee and the refusal to designate a date for the new committee to meet and being mindful of the inexorable consequences of failure to file a timely designation (as demonstrated by the recent lapse of another political party) I find that the plaintiff has made a sufficient showing to warrant a mandatory injunction to call and hold a meeting[2] for the designation of candidates and electors for President and Vice-President of the United States.
Returning to the organizing meeting required by statute (Election Law § 2-112) and party rule (art II, § 3), as I indicated previously there is no showing of a failure on the part of the chairman to call such a meeting.
The question arises, however, as to whether the organization of the State committee must precede any other business. The statute (Election Law § 2-112 [1]) does not so provide for it defines “organize” as the election of “a chairman, a secretary, a treasurer and such other officers as [the State committee] may by their rules provide.” There is nothing within that statute which prevents a newly elected State committee from meeting during the initial 15 days prior to the committee’s “organization” for while the State committee terms end with the primary election, those of the officers continue until their successors are chosen (Liberal Party Rules, art II, § 9).
The party rules, however, which are not in this case inconsistent with the statute, indicate that the State committee’s first order of business shall be its organization. Section 1 of article III thereof provides for meetings to be called as the “state committee or the state executive committee or the State chairman may decide * * * after the organization meeting” (emphasis supplied).
*8 As the rule requires the committee’s organization to take place at its first meeting, the meeting at which electors and national candidates are elected shall also be the organization meeting; but the order of agenda items shall be determined in accordance with party rule and practice.
The remaining relief is denied. The allegation of past impropriety is not the predictor of future defaults. Should the fears of the plaintiff revealed in these papers become reality, the court is available to correct the wrongs on proper application. It is not the court’s function to monitor the party’s activity or, in the absence of clear and unrefuted need, chart the course or choose the personnel to conduct its meetings.
The motion is granted to the extent only of directing the defendants to call a meeting of the State Committee of the New York State Liberal Party in accordance with party rules for Monday, September 17, 1984, for the purpose of nominating candidates and electors for President and Vice-President of the United States and to organize the State committee and to consider such other matters as may lawfully come before that meeting.

. The plaintiff alleges he is a member of the State committee of the party which is denied by the defendants. Whether or not he is a member of the committee is not relevant to this application.

. It has been suggested that not only the chairman may call such a meeting but any 50 State committee members can petition and require such a meeting to be held. Such a solution is impracticable because the petition merely requires a chairman to call the meeting; and the primary election result not yet being known, no one is in a position to sign such a petition.