■ In the Matter of RANDALL BROWN, as Chariman of Chautauqua County Independence Party Committee, Appellant, v ANTHONY DEBICKI et al., Respondents. [718 NYS2d 246] —Order unanimously affirmed without costs. Memorandum: Respondent candidates filed designating petitions for the office of Member of Chautauqua County Independence Party Committee with the Chautauqua County Board of Elections. Petitioner commenced this proceeding seeking to invalidate those petitions on the ground that they violate article II, section 2-1 (1) of the Rules of the Chautauqua County Interim County Committee, Independence Party of New York, which requires that each election district have two members, one male and one female. Supreme Court properly determined that the rules were never in effect because they were not filed with the State Board of Elections. The Chautauqua County Interim County Committee has the same powers and, therefore, the same duties as a county committee (*see,* Rules of New York State Committee of Independence Party, art XV, § 2). Thus, the Interim County Committee was required to file its rules with the State Board of Elections (*see,* Election Law § 2-114 [1]; *Matter of Bertan v O'Neill,* 83 AD2d 984, *lv denied* 54 NY2d 603; *see also, Matter of Leirer v Suffolk County Comm. of Conservative Party of N. Y. State,* 94 AD2d 797, 799; *cf., Matter of Colucci v Manch,* 177 AD2d 1054, *lv denied* 78 NY2d 862). (Appeal from Order of Supreme Court, Chautauqua County, Doyle,

J.—Election Law.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Kehoe, JJ. (Filed Aug. 23, 2000.)