In the Matter of MICHAEL J. LEHRER et al., Respondents, v GIULIO CAVALLO et al., Appellants, et al., Respondents. [844 NYS2d 334]—

In a proceeding pursuant to Election Law article 16, inter alia, to invalidate the organizational meeting of the Westchester County Committee of the Independence Party held September 15, 2006, and all actions taken by the Westchester County Committee of the Independence Party as a consequence of the organizational meeting, to direct a new organizational meeting to be held, and to have a court-appointed monitor supervise the new organizational meeting, Giulio Cavallo, Dhyalma N. Vazquez, Mario Castaldo, and the Westchester County Committee of the Independence Party appeal (1) from an order of the Supreme Court, Westchester County (Donovan, J.), entered December 4, 2006, which, inter alia, (a) granted the petitioner's motion for leave to amend the petition to include, in effect, a challenge to a meeting held on September 5, 2006, at which certain Independence Party rules were amended, (b) granted the petition, (c) invalidated the organizational meeting held September 15, 2006, (d) Ordered that a new organizational meeting be held, (e) ordered that the new organizational meeting be conducted under the supervision of a court-appointed monitor and in accordance with the Independence Party rules as adopted in 2004, without the amendments made at the meeting held on September 5, 2006, and (f) ordered that Giulio Cavallo, Dhyalma N. Vazquez, Mario Castaldo, and the Westchester County Committee of the Independence Party bear the cost of the court-appointed monitor, and (2) an order of the same court dated December 21, 2006, which, inter alia, appointed Neal S. Comer, Esq., as monitor to supervise all aspects

of the organizational meeting, set the monitor's fee at $350 per hour, and directed Giulio Cavallo, Dhyalma N. Vazquez, Mario Castaldo, and the Westchester County Committee of the Independence Party "to post $25,000 against the monitor's fees and expenses," with such amount to be held in the monitor's escrow account.

Ordered that the orders are reversed, on the law and the facts, without costs or disbursements, the motion for leave to amend the petition is denied, the petition is denied, and the proceeding is dismissed.

On September 22, 2006 the petitioners Michael J. Lehrer, Shandra Sookdeo, and Shadi Khader, members of the Westchester County Committee of the Independence Party (hereinafter the County Committee), commenced the instant proceeding pursuant to Election Law article 16 and CPLR article 78, inter alia, to invalidate the County Committee's organizational meeting and election of officers held September 15, 2006, and to seek a court-appointed monitor to supervise any newly held organizational meeting. Specifically, the petitioners alleged that Giulio Cavallo, Dhyalma Vazquez, and Mario Castaldo (hereinafter the individual appellants), were improperly elected as officers of the County Committee since, inter alia, the organizational meeting was not properly noticed and was fraught with other fraud and irregularities.

After the appellants' motion to dismiss on several grounds was denied, the Supreme Court conducted a hearing. By order dated November 29, 2006, inter alia, it granted leave to amend the pleadings to include an additional challenge to a prior meeting held on September 5, 2006, invalidated the organizational meeting held September 15, 2006, and directed that a new organizational meeting be held under the supervision of a court-appointed monitor. Among other things, the court found that the individual appellants failed to give proper notice of the September 5 and September 15 meetings, and further found that the collection and counting of proxies was suspicious, all of which constituted such irregularities rendering it impossible to determine who was rightfully elected at the September 15, 2006, meeting. In a subsequent order, the court, inter alia, appointed a monitor with directions to submit written rules and procedures for the conduct of the organization meeting. The individual appellants and the County Committee appeal from both orders, and we reverse.

It is well settled that "internal issues arising within political parties are best resolved within the party organization itself and judicial involvement should only be undertaken as a last

resort" (*Matter of Bachmann v Coyne,* 99 AD2d 742 [1984]; *see Matter of Independence Party State Comm. of State of N.Y. v Berman,* 28 AD3d 556, 558 [2006]). "Judicial intervention is only warranted upon a clear showing that a party or its leaders have violated th[e] [Election Law] or the party's own rules adopted in accordance with law, or otherwise violating the rights of party members or the electorate" (*Harding v Harrington,* 127 Misc 2d 5, 5-6 [1984], *affd* 104 AD2d 544 [1984]; *see Matter of Bachmann v DeFronzo,* 164 AD2d 926, 928 [1990]; *see also Matter of Kahler v McNab,* 48 NY2d 625, 626 [1979]).

The Supreme Court improperly granted the petitioners' motion to amend the pleadings to include information regarding their challenge to the prior organizational meeting held on September 5, 2006, at which time County Committee members adopted several amendments to the Independence Party rules enacted in 2004, which amendments the Supreme Court utilized to invalidate the September 15, 2006 meeting. The 10-day statute of limitations under which the petitioners could challenge the September 5, 2006 meeting had lapsed by the time the instant proceeding was commenced (*see* Election Law § 16-102 [2]; *Matter of Sayegh v Castaldo,* 287 AD2d 639 [2001]; *Matter of Flynn v Olma,* 286 AD2d 568 [2001]). Thus, the rule changes adopted at the earlier meeting were in full force and effect at the time of the challenged September 15, 2006 meeting.

Where, as here, a case is tried without a jury, the Appellate Division's "authority is as broad as that of the trial court . . . and as to a bench trial it may render the judgment it finds warranted by the facts" (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *see Domanova v State of New York,* 41 AD3d 633 [2007]). The petitioners failed to make a clear showing that the notice for and conduct of the September 15, 2006 organizational meeting violated the Election Law, or involved such fraud or irregularities as would render it impossible to determine who was rightfully nominated or elected at the meeting (*see* Election Law § 16-102 [3]; *cf. Matter of Mills,* 291 NY 98, 102-103 [1943]).

Aside from the fact that the mailing announcing the organizational meeting was reasonably calculated to give timely notice to the County Committee members, the alleged irregularities adduced at the hearing were not "of such a nature as to establish the probability that the result of the election would be changed by a shift in, or an invalidation of, the questioned votes," thereby requiring a new election (*Matter of Lisa v Board of Elections of City of N.Y.,* 40 NY2d 911, 912 [1976]; *see Matter of Stevenson v Power,* 27 NY2d 152, 154 [1970]; *Matter of Ip-*

*polito v Power,* 22 NY2d 594, 597-598 [1968]). Accordingly, the Supreme Court improvidently exercised its discretion in ordering a new organizational meeting and elections, as well as appointing a monitor to supervise the organizational meeting.

In light of our determination, we need not reach the appellants' remaining contentions. Schmidt, J.P., Rivera, Krausman and Balkin, JJ., concur.