■ In the Matter of Patsy A. Simmons et al., Respondents, v Ruben Wills, Appellant, et al., Respondent. [863 NYS2d 90]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Ruben Wills as a candidate in a primary election to be held on September 9, 2008, for the nomination of the Democratic Party as its candidate for the public office of Representative in Congress from the 6th Congressional District, Ruben Wills appeals from a final order of the Supreme Court, Queens County (O'Donoghue, J.), dated August 14, 2008, which, after a hearing, granted the petition and invalidated the designating petition.

Ordered that the final order is affirmed, without costs or disbursements.

The Supreme Court properly granted the petition to invalidate the designating petition. "Where, as here, a case is tried without a jury, the Appellate Division's 'authority is as broad as that of the trial court . . . and as to a bench trial it may render the judgment it finds warranted by the facts' " (*Matter of Lehrer v Cavallo,* 43 AD3d 1059, 1061 [2007], quoting *Northern West-*

*chester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]). We find no reason to disturb the Supreme Court's finding that the signatures collected by one of the subscribing witnesses were not subscribed in compliance with the Election Law (*see* Election Law § 6-132 [2]) and that, consequently, the designating petition lacked the requisite number of valid signatures (*see* Election Law § 6-136 [2] [g]). Skelos, J.P., Lifson, Florio, Covello and Balkin, JJ., concur.