In the Matter of VIVIENNE H. WONG, Respondent, v EUGENE COOKE et al., Appellants, and WAYNE RODGERS, Respondent. [928 NYS2d 365]—

Preliminarily, the appellants contend that the petitioner, Vivienne H. Wong, did not have standing to institute this proceeding. Since Wong is a registered member of the Republican Party and a registered voter in the County of Suffolk and, thus, eligible to vote for public office, standing is conferred on her by Election Law § 16-102 (1) and § 6-154 (2).

The Suffolk County Republican Committee Party Rules and Regulations (hereinafter the Party Rules) provide that town committees "are empowered to authorize the designation, nomination or substitution of a person who is not enrolled as a member of the Republican Party as a candidate" (Suffolk County Republican Committee Party Rules and Regulations, art 7, § 3 [b]), and direct that the "presiding officer and secretary at the designating . . . meeting . . . execute and file the certificate of authorization with the Board of Elections . . . acknowledging that a resolution was duly adopted, a quorum being present and voting thereon, authorizing the designation of a candidate who is not enrolled in the Republican Party" (Suffolk County Republican Committee Party Rules and Regulations, art 7, § 3 [c]; *see* Election Law § 6-120 [3]). The primary purpose of Election Law § 6-120 (3) is to safeguard the integrity of the electoral process and not to defeat elections (*see Matter of Master v Pohanka*, 10 NY3d 620, 626 [2008]). Further, "[o]f paramount importance is that the will of the party committee of the political subdivision involved is expressed" (*Matter of Bonelli v Bahren*, 196 AD2d 866, 867 [1993]; *see Matter of Wydler v Cristenfeld*, 35 NY2d 719 [1974]). Thus, "internal issues arising within political parties are best resolved within the party organization itself and judicial involvement should only be undertaken as a last resort" (*Matter of Bachmann v Coyne*, 99 AD2d 742 [1984]; *see Matter of Lehrer v Cavallo*, 43 AD3d 1059, 1060-1061 [2007]; *Matter of Independence Party State Comm. of State of N.Y. v Berman*, 28 AD3d 556, 558 [2006]). "Judicial intervention is only warranted upon a clear showing that a party or its leaders have violated [the Election Law] or the party's own rules adopted in accordance with law, or otherwise [have] violat[ed] the rights of party members or the electorate" (*Harding v Harrington*, 127 Misc 2d 5, 5-6 [1984], *affd* 104 AD2d 544 [1984]; *see Matter of Bachmann v DeFronzo*, 164 AD2d 926, 928 [1990]).

Here, the Supreme Court determined that, based upon the testimony of Frances Spatafora, the secretary of the Huntington Republican Committee, a town committee, the designating meeting of the Huntington Republican Committee held on June 6, 2011, was not conducted in accordance with, inter alia, the Party Rules, and that a vote on a resolution authorizing the designation of Eugene Cooke as a candidate who is not enrolled in the Republican Party was not duly or properly adopted at the meeting. Accordingly, the certificate of authorization issued to Eugene Cooke was invalidated. We reverse.

"Where, as here, a case is tried without a jury, the Appellate Division's authority is as broad as that of the trial court . . . and . . . it may render the judgment it finds warranted by the facts" (*Matter of Stavisky v Koo*, 54 AD3d 432, 434 [2008] [internal quotation marks and brackets omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Matter of Lehrer v Cavallo*, 43 AD3d at 1061).

Here, the evidence adduced at the hearing did not warrant the Supreme Court's conclusion that the June 6, 2011, Huntington Republican Committee designating meeting was not conducted in accord with, inter alia, the Party Rules. The evidence established that at that meeting, a motion was made and adopted nominating Eugene Cooke for the public office of Member of the Town Council of the Town of Huntington; that a motion was made and adopted for a resolution authorizing the designation of Eugene Cooke, a nonmember of the Republican Party, as candidate for the public office of Member of the Town Council of the Town of Huntington; and, as a result, on or about July 13, 2011, the presiding officer and secretary at the designating meeting signed a so-called Wilson-Pakula certificate for Eugene Cooke which was filed, along with Eugene Cooke's designating petition, in a timely manner with the Suffolk County Board of Elections (hereinafter the Board of Elections) on or about July 18, 2011, as required pursuant to, inter alia, Election Law § 6-120 (3) and the Party Rules.

Accordingly, the Supreme Court erred in granting the petition, invalidating the certificate of authorization issued to Eugene Cooke, and directing the Board of Elections not to place the name of Eugene Cooke on the ballot for the public office of Member of the Town Council of the Town of Huntington.

In light of our determination, we need not reach the appellants' remaining contention. Rivera, J.P., Angiolillo, Dickerson, Eng and Hall, JJ., concur.