Matter of Auerbach v Suffolk County Comm. of the Conservative Party (2019 NY Slip Op 02515)





Matter of Auerbach v Suffolk County Comm. of the Conservative Party


2019 NY Slip Op 02515


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-02019
 (Index No. 5320/18)

[*1]In the Matter of Kenneth A. Auerbach, etc., et al., petitioners-respondents, 
v
Suffolk County Committee of the Conservative Party, et al., appellants, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law article 16, the Suffolk County Committee of the Conservative Party, the Executive Committee of the Suffolk County Committee of the Conservative Party, and the individual committee officers and executive members named as respondents in this proceeding appeal from a final order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated March 1, 2019. The final order, after a hearing, denied the appellants' motion to dismiss the petition, granted the petition, invalidated the organizational meeting of the Suffolk County Committee of the Conservative Party held on September 26, 2018, and a certificate of nomination filed thereafter with the Suffolk County Board of Elections, and directed a new organizational meeting in the presence of a monitor.
ORDERED that the final order is modified, on the law and the facts, (1) by deleting the provision thereof denying that branch of the appellants' motion which was to dismiss, for lack of standing, so much of the petition as sought to invalidate the nominations of individuals for various party offices, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provisions thereof granting the petition, invalidating the organizational meeting held on September 26, 2018, and the certificate of nomination, and directing a new organizational meeting in the presence of a monitor, and substituting therefor a provision denying so much of the petition as sought to invalidate the nominations of individuals for various party offices as academic and otherwise denying the petition and dismissing the proceeding; as so modified, the final order is affirmed, with costs to the appellants.
On September 26, 2018, the Suffolk County Committee of the Conservative Party (hereinafter the County Committee) held an organizational meeting to select members to fill vacancies in the County Committee arising after the primaries at which members of the County Committee had been elected (see Election Law §§ 2-106, 2-118[1]) and to nominate officers for the biennial election cycle then commencing.
The respondent Frank A. Tinari chaired the meeting and conducted the bulk of its business. At the beginning of the meeting, and following the agenda for organizational meetings set forth in article IV, section 1, of the rules of the County Committee (hereinafter the rules), Tinari had attendance reports filed with the secretary, utilizing sign-in sheets. While the rules require that the next action be the "Call of the Roll," Tinari, instead, made a motion to dispense with a roll call for the purpose of establishing that a quorum was present, taking note of the signatures set forth on the [*2]sign-in sheets. The rules provide that one-quarter of the whole membership of the County Committee constitutes a quorum. The petitioner Kenneth A. Auerbach and others objected to dispensing with a roll call on whether a quorum was present. Tinari held a voice vote on the motion which, by his ruling, was carried. At the meeting, neither Auerbach nor anyone else disputed the presence of a quorum, and in this proceeding, it is undisputed that a quorum was present.
Tinari proceeded to the next item of business as specified in the rules of the County Committee, the filling of vacancies on the County Committee. Tinari called to the podium various persons who read to the meeting a lengthy list of names of candidates to fill vacancies, by town. During this process, there were repeated objections by Auerbach and others to the effect that vacancies could only be filled by roll call vote of the members of the County Committee elected at the primary election, weighted in proportion to the party vote for governor at the last preceding gubernatorial election in each member's election district (see Election Law §§ 2-104[1]; 2-118[1]). However, no rival candidates were nominated, though an opportunity to nominate opposing candidates was provided. The unopposed slate of nominees to fill vacancies was put up for approval by voice vote and, by Tinari's ruling, was elected. Similarly, the rules of procedure adopted by the prior County Committee were adopted by the present County Committee by voice vote, again with interspersed objections by Auerbach and others.
Tinari then called for a motion to nominate a slate of candidates (including himself as Chair) for officers and executive members of the County Committee. After that motion was made and seconded, Auerbach inquired as to whether Tinari would provide for the nomination of officers by only elected County Committee members (thus excluding County Committee members just appointed to fill vacancies), voting by a weighted roll call vote. When Tinari declined to provide for such a procedure, Auerbach stated that, while he had intended to propose a rival slate of candidates, he would not do so. While Tinari repeatedly invited additional nominations, none were forthcoming. Tinari then held a voice vote and declared that the motion to accept the only nominated slate had carried.
Auerbach and others (hereinafter collectively the petitioners) commenced this proceeding pursuant to Election Law article 16, seeking to invalidate the September 26, 2018, organizational meeting, to invalidate the certificate of nomination filed with the Suffolk County Board of Elections (hereinafter the Board of Elections) following the County Committee meeting, and for a new organizational meeting to be held with a court-appointed monitor. The County Committee, the Executive Committee of the County Committee, and the individual committee officers and executive members named as respondents (hereinafter collectively the appellants) moved to dismiss the petition pursuant to CPLR 1001(a), 3013, 3016, and 3211(a), and Election Law § 16-102(1). The Supreme Court held the motion in abeyance, and after a hearing on the petition, the court denied the appellants' motion to dismiss, granted the petition, invalidated the September 26, 2018, organizational meeting and the certificate of nomination filed thereafter, and directed that a new organizational meeting be convened in the presence of a monitor.
Initially, to the extent that the petitioners sought to invalidate the nominations of individuals, including Tinari, for various party offices, the petitioners lack standing to maintain the proceeding. Pursuant to Election Law § 16-102(1), the nomination of a person to a party position may be contested in a court proceeding only by an aggrieved candidate, the chair of a party committee, or a person who has filed objections with the board of elections. Here, none of the petitioners were party chairs, had filed objections, or put themselves forward as candidates for election to party offices at the subject County Committee meeting (see Matter of Dekom v Mondello, 110 AD3d 799, 800). Accordingly, that branch of the appellants' motion which was to dismiss so much of the petition as sought to invalidate the nominations of individuals for various party offices should have been granted.
On the other hand, with regard to so much of the petition as sought to invalidate the September 26, 2018, organizational meeting and to challenge the manner in which vacancies on the County Committee were filled, members of a county committee "have standing to challenge the manner in which vacancies on [a] County Committee [are] filled at [an] organizational meeting" [*3](Matter of Klein v Garfinkle, 12 AD3d 604, 605; see Matter of Katagas v Berman, 21 AD3d 913, 914; Matter of Bauman v Fusco, 21 AD2d 470, 472). Since each of the petitioners is an elected member of the County Committee, they have standing to maintain this portion of the proceeding. We also disagree with the appellants' contention that the petitioners were required to name and serve the individuals who were selected to fill vacancies at the September 26, 2018, organizational meeting as necessary parties to this proceeding. No written list of such persons was provided at the meeting, the addresses of such persons were not stated at the meeting, and no list of such persons was set forth in the certificate of nomination filed with the Board of Elections. Given the impracticability, if not impossibility, of properly identifying and joining all of such individuals, particularly given the brief time limits applicable to Election Law cases, we decline to view such persons as necessary parties (see Matter of Brayman v Stevens, 54 Misc 2d 974, 978-979 [Sup Ct, Dutchess County], affd 28 AD2d 1090, affd 20 NY2d 868). Thus, we agree with the Supreme Court's determination denying those branches of the appellants' motion which were to dismiss so much of the petition as sought to invalidate the September 26, 2018, meeting and to challenge the manner in which vacancies on the County Committee were filled based upon standing and failure to name necessary parties.
Since the petitioners do not dispute that a quorum was present at the organizational meeting and do not dispute the adoption of the rules, and since the petitioners lack standing to challenge the nomination of party officers conducted at the meeting, the only issue which may be addressed on the merits is the petitioners' challenge to the selection of persons to fill vacancies on the County Committee. As we have noted previously in a dispute involving essentially the same parties: "The filling of vacancies in a political party's County Committee is governed by Election Law § 2-118, which provides, in pertinent part, that, in the case of a failure to elect a member of the committee [or the removal from office of a member of a committee], the vacancy created thereby shall be filled by the remaining members of the committee" (Matter of Auerbach v Suffolk County Comm. of the Conservative Party of N.Y. State, 159 AD3d 695, 696-697; see Matter of Brocato v Tinari, 157 AD3d 782, 784). Contrary to the argument of the petitioners, the statute does not mandate that vacancies be filled exclusively by a weighted roll call vote. Thus, in the absence of a positive statutory direction as to the voting procedure to be employed (see Election Law § 6-126[2]), whether a weighted roll call vote was required is dependent upon the rules of the County Committee.
Article IV, section 1, of the rules provides that the fourth item of business at an organizational meeting is the filling of vacancies. This item of business precedes the election of officers. Thus, it was proper for Tinari, as Chair, to proceed to have the County Committee members vote at the organizational meeting on the selection of individuals to fill vacancies. It necessarily follows that persons duly selected to fill vacancies on the County Committee may vote on the ensuing agenda items, including the election of officers.
At the meeting, Auerbach sought to have a weighted roll call vote on the filling of vacancies. However, no rival candidates were proposed to challenge the nominated slate. Further, article IV, section 5, of the rules provides for voice voting at the discretion of the chair and requires a roll call vote only if such a vote is demanded by individuals in attendance who are entitled to cast at least one-half of the votes of the County Committee (see Matter of Donnelly v Curcio, 284 AD2d 460, 460-461). Tinari had the discretion to provide for a voice vote on the issue of selection of persons to fill County Committee vacancies. While in this case, unlike in Donnelly, there are no minutes of the subject meeting, the petitioners failed to establish that a roll call vote was demanded or supported by the requisite number of members of the County Committee. Although the petitioners requested a vote on their demand for a roll call vote, the petitioners never asserted at the meeting that they had the requisite level of support for their request for a roll call vote. Nor did the petitioners request the opportunity to demonstrate that they had the requisite number of votes to require a roll call. The petitioners did not seek to appeal to the County Committee the ruling of Tinari, as Chair, that the unopposed slate of candidates to fill vacancies had been selected by voice vote. The use of a voice vote to select an unopposed candidate or slate of candidates at political party meetings is not prohibited by statute (see Election Law § 6-126[2]) and is not unusual or unprecedented, particularly in meetings, such as the one involved here, in which the number of participating members is in the hundreds and the calling of the roll would be protracted.
While Auerbach asserts in this proceeding that persons not entitled to vote were present at the meeting and should have been removed or otherwise prevented from participating in a voice vote, he did not make this objection during the meeting itself. Moreover, in his testimony before the Supreme Court, he was able to identify only one person whom he claimed had participated improperly.
The petitioners do not contend in this proceeding that Tinari's ruling as to the outcome of the challenged voice vote was erroneous; as noted, they did not seek to appeal to the County Committee from the ruling of the Chair. Based upon the evidence, the petitioners failed to meet their burden to demonstrate that the conduct of the organizational meeting violated the Election Law or "involved such fraud or irregularities as would render it impossible to determine who was rightfully nominated or elected at the meeting," or that "the alleged irregularities adduced at the hearing were . . . of such a nature so as to establish the probability that the result of the election would be changed by a shift in, or an invalidation of, the questioned votes'" (Matter of Lehrer v Cavallo, 43 AD3d 1059, 1061, quoting Matter of Lisa v Board of Elections of City of N.Y., 40 NY2d 911, 912; see Election Law § 16-102[3]; Matter of Stevenson v Power, 27 NY2d 152, 154). The petitioners failed to demonstrate that it is impossible to determine who was rightfully selected to fill vacancies in the County Committee or that there is a probability that the result of the voice vote would be changed, particularly since no rival candidates were nominated.
In reaching this conclusion, we are mindful that "a court's jurisdiction to intervene in election matters is limited to the powers expressly conferred by statute" (Matter of Hoerger v Spota, 109 AD3d 564, 565 [internal quotation marks omitted]; see Matter of Mansfield v Epstein, 5 NY2d 70, 74). The " internal issues arising within political parties are best resolved within the party organization itself and judicial involvement should only be undertaken as a last resort'" (Matter of Wong v Cooke, 87 AD3d 659, 660, quoting Matter of Bachmann v Coyne, 99 AD2d 742; see Matter of Lehrer v Cavallo, 43 AD3d at 1060). While the courts "will act to protect the rights of committee persons to be present and to vote at meetings of the committee" (Matter of Kay v Greene, 94 AD2d 797, 799), " [j]udicial intervention is only warranted upon a clear showing that a party or its leaders have violated [the Election Law] or the party's own rules adopted in accordance with law, or otherwise [have] violat[ed] the rights of party members or the electorate'" (Matter of Wong v Cooke, 87 AD3d at 660, quoting Harding v Harrington, 127 Misc 2d 5, 5-6 [Sup Ct, NY County], affd 104 AD2d 544; see Matter of Lehrer v Cavallo, 43 AD3d at 1061). No such showing was made in this case.
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court