**City of Rome Republican Comm. v
Oneida County Bd. of Elections**

2025 NY Slip Op 31433(U)

April 23, 2025

Supreme Court, Oneida County

Docket Number: Index No. EFCA2025-000816

Judge: Bernadette T. Clark

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

PRESENT: HON. BERNADETTE T. CLARK, J.S.C.

STATE OF NEW YORK
SUPREME COURT        COUNTY OF ONEIDA

———————————————————————————x

CITY OF ROME REPUBLICAN COMMITTEE,

and

KIM ROGERS as Chair of the
City of Rome Republican Committee,
Member of the Republican County
Committee for the City of Rome, and
As a registered voter in the City of Rome,

          Petitioners,
   - against -

THE ONEIDA COUNTY BOARD OF ELECTIONS,

          Respondents.

———————————————————————————x

**DECISION AND ORDER**

Index No. EFCA2025-000816

WHEREAS, this matter having come before this Court in person on April 11, 2025, and Joseph T. Burns, Esq. having appeared for the Petitioners and Adam Fusco, Esq. having appeared for the Respondent Oneida County Board of Elections;

And upon the Petition by the Petitioners, the Answer of Respondent Oneida County Board of Elections, and all of the papers and proceedings heretofore had herein, including extensive oral argument, the Court hereby decides for the reasons

1

[* 1]

set forth below, the relief requested in the Petition is **DENIED**, and the Petition is **DISMISSED WITH PREJUDICE**.

On October 16th, 2024, the City of Rome Republican Committee held a reorganizational meeting wherein, *inter alia*, the Committee elected party officials, including the Election of Kimberly Rogers as Chair and Dan Gilmore as Vice Chair. A Certificate of Election of Officers was filed with the Respondent Oneida County Board of Elections on October 17th, 2024. The Respondent Board determined the subject certificate to be valid. *See* Election Law § 6-154(1). On March 10th, 2025, Petitioners, the Rome City Republican Committee and its Chair Kimb Rogers commenced this action pursuant to CPLR 3001, alleging, *inter alia*, that the Certificate of Election of Officers of the City of Rome Republican Committee is valid.

A Court presiding over a special proceeding under Article 16 of the Election Law must resolve all potentially dispositive procedural objections at the outset, before it can address the underlying merits (*Castracan v Colavita*, 173 AD2d 924, 925 [3d Dept 1991]).

Respondent Oneida County Board of Elections argues that this proceeding is time barred because it was not commenced within the governing 10-day limitations period under Election Law § 16-102(2).

[* 2]

The crux of the action brought by Rogers is to seek a ruling declaring the Rome Committee's October 16th, 2024, meeting and the October 17th filing with the board, valid. Yet they did not file their petition until March 10th, 2025, nearly five months later. The Rome Committee and Rogers failed to file and serve their petition within 10 days of the committee meeting they asked this Court to declare as valid.

Despite petitioner's attempt to categorize this action as a CPLR 3001 declaratory judgment proceeding, a challenge of this nature is governed by Election Law § 16-102(1), which allows a litigant to contest, among other things, the designation or election of any person to any party position. Under Election Law § 16-102(2), a proceeding with respect to a meeting of a party committee shall be instituted within 10 days after the filing of the Certificate of Nominations made at such caucus or meeting of a party committee. This 10-day limitations period, for commencing an Election Law § 16-102 action, is strictly enforced.

Since Petitioners commenced their proceeding on March 10th, 2025, it was well beyond the 10-day period provided for in Election Law § 16-102(2), regardless of whether that period is measured from the Rome Committee meeting that took place on October 16th, 2024 or from October 17th, 2024, when the certification was filed with the Board of Elections.

3

[* 3]

Failure of an Election Law petitioner to comply with this 10-day limitations period mandates dismissal of the petition. By its very terms, the 10-day period under Election Law § 16-102, applies to any proceeding, with respect to a meeting of a party committee. Neither the fact that the City of Rome Republican Committee and Rogers are seeking to enforce, rather than contest, the October 16th, 2024, meeting and the Rome Committee election results, nor the fact that they purport to seek a declaratory judgment under CPLR 3001, alleviate these petitioners from having to comply with the 10-day limitation period set forth in Election Law § 16-102 (2). In fact, Rogers and the Rome Committee seem to concede as such in stating that their petition is brought under Election Law § 16-102.

In a decision from Supreme Court Onondaga County entitled *Nadel v Goroff*, (69 Misc.3d 1204(A)), the Court determined that the strict time requirements of Article 16 of the Election Law applied to an action in which the petitioners sought a ruling declaring certain certificates to be valid, even despite the petitioners attempting to classify their case as a declaratory judgement action arising under CPLR 3001. The Court of Appeals, in *New York City Health and Hospitals Corp v McBarnette*, (84 NY2d 194 [1994]), stated if the claim could have been made in a form other than an action for a declaratory judgment, and if the limitation period for an action in that other form has already expired, then the

4

[* 4]

time for asserting that claim cannot be extended through the simple expedient of denominating the action as one for a declarative relief.

Here, under *McBarnette* and the specific Election Law ruling in *Nadel*, the Court holds that Rogers and the City of Rome Republican Committee were bound by the limitation period in Election Law § 16-102, and cannot extend that period through the simple expedient of denominating their action as one seeking declaratory relief.

The Court further notes the Appellate Division, Fourth Department's observation that, absent illegality, "there is a general policy of noninterference with the internal workings of a political party" (*Danielwicz v. Aurigema*, 90 AD2d 667 [4th Dept 1982], *appeal dismissed* 58 NY2d 88 [1983]). "'Internal issues arising within political parties are best resolved within the party organization itself and judicial involvement should only be taken as a last resort'" (*Leherer v Cavallo*, 43 AD3d 1059, 1060 [2d Dept 2007], *quoting Bachman v Coyne,* 99 AD2d 742 [2d Dept 1984]).

Based upon the foregoing, it is hereby **ORDERED** that the Petition is **DISMISSED WITH PREJUDICE** and **DENIED**; upon the grounds that the Petition is time barred by the 10-day statute of limitations period prescribed by Election Law § 16-102(2); and

5

[* 5]

That any and all other relief requested by the parties not expressly addressed

herein is hereby **DENIED**.


ENTERED: April 23rd 2025
Utica, New York

Hon. Bernadette T. Clark, J.S.C.

6

[* 6]